956 F.2d 268
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Michael Lachester BUTTS, Plaintiff-Appellant,
v.
Mr. YARBOROUGH, Warden, Michigan Training Unit, et al.,
Defendants-Appellees.
 No. 91-1570.
 United States Court of Appeals, Sixth Circuit.
 Feb. 26, 1992.
 
 Before KEITH and SILER, Circuit Judges, and WELLFORD, Senior Circuit Judge.
 
 ORDER
 
 1
 Michael LaChester Butts, a pro se Michigan prisoner, appeals the district court's judgment for the defendants in his civil rights action filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking declaratory, injunctive, and monetary relief, Butts sued the warden of the Michigan Training Unit (MTU), fourteen officers at MTU, and an MTU doctor for allegedly violating his rights under the Eighth and Fourteenth Amendments. Defendants Yarborough, Carbery, Carey, Hurt, and Sage were sued in their individual and official capacities. All other defendants were sued in their official capacities only. Dr. Opicka was voluntarily dismissed as a defendant by order of March 8, 1990.
 
 
 3
 Butts alleged that the defendant correctional officers used unnecessary force against him on June 11, 1989, which resulted in a severe injury to his right hand; that they used unnecessary force against him on June 15, 1989, which resulted in his reinjury; that defendant Williams administered the wrong medication to him on two occasions, which resulted in hallucinations; that he was deprived of showers for six days while in segregation; that he was denied therapy for his injured hand; that defendant Carbery refused to investigate his grievances; and that defendant Yarborough did not properly train and supervise the other defendants, and did not investigate or take corrective measures.
 
 
 4
 On September 4, 1990, the district court granted the defendants' motion for summary judgment as to the claims regarding showers, grievances, incorrect medication, therapy, and excessive force on June 15. The district court dismissed a number of the defendants and gave the remaining defendants thirty days to submit a videotape of the June 11 incident, which was referred to by both parties. The defendants informed the court in a supplemental brief that they were unable to provide the June 11 videotape after a thorough search, probably because it had been inadvertently taped over.
 
 
 5
 On the record before it, the district court granted to the defendants partial summary judgment regarding the June 11 incident. The district court found that the application of full restraints and the officers' action in carrying Butts to his cell did not constitute excessive force. However, the district court found that a genuine issue of material fact existed regarding the amount of force used in placing Butts in his cell on June 11 and reserved that issue for trial. At the close of the plaintiff's proof, the district court directed a verdict in favor of defendant Britz. The jury then returned a verdict in favor of the remaining defendants. The district court entered judgment in favor of all defendants and dismissed this action in a judgment filed April 29, 1991.
 
 
 6
 On appeal, Butts argues that: (1) the defendants violated departmental policy when they did not retain the June 11 videotape, (2) evidence shows that Williams did distribute his medication on June 12, (3) the district court did not carefully review the June 15 videotape, (4) Butts was not allowed to conduct discovery before the court ruled on the defendants' motion for summary judgment, (5) some of the defendants' evidence and exhibits were improperly admitted and some were never given to Butts, (6) Butts's court-appointed counsel did not object to admission of a certain videotape when Butts instructed him to do so, and (7) the jury's verdict was unsupported by the weight of the evidence. In his brief, Butts requests the appointment of counsel and a transcript at government expense.
 
 
 7
 Upon review, we affirm the district court's judgment as to the claims of improper medication, excessive force in carrying Butts to his cell on June 11, 1989, and excessive force on June 15, 1989 because there is no genuine issue of material fact and the defendants are entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).
 
 
 8
 As to the claim of excessive force in placing Butts in his cell on June 11, 1989, Butts failed to preserve his insufficient evidence claim by moving for a directed verdict pursuant to Fed.R.Civ.P. 50(a). See Gutzwiller v. Fenik, 860 F.2d 1317, 1330 (6th Cir.1988); Young v. Langley, 793 F.2d 792, 794-95 (6th Cir.), cert. denied, 479 U.S. 950 (1986). Further, because he did not object to the use of the restraints and videotape at trial, he has failed to preserve those issues for appeal. See American Anodco, Inc. v. Reynolds Metals Co., 743 F.2d 417, 424 (6th Cir.1984). In any event, there was no abuse of discretion in the trial court's rulings. United States v. Rios, 842 F.2d 868, 874 (6th Cir.1988) (per curiam), cert. denied, 488 U.S. 1031 (1989). Butts has further failed to establish ineffective assistance of trial counsel based upon his attorney's failure to object to use of the videotape of a different segregation room. See Strickland v. Washington, 466 U.S. 668, 687 (1984).
 
 
 9
 Butts does not raise on appeal the issues of deprivation of showers, inadequate medical treatment, denial of therapy, or failure to investigate grievances. Thus, those issues are considered abandoned and are not reviewable by this court. See McMurphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir.1986).
 
 
 10
 Finally, Butts named only defendants Yarborough, Carbery, Carey, Hurt, and Sage in their individual capacities. The remaining defendants, named in their official capacities only, are not liable to suit for monetary damages under § 1983. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989); Wells v. Brown, 891 F.2d 591, 593-94 (6th Cir.1989).
 
 
 11
 Accordingly, the request for counsel is denied. The request for a transcript at government expense is denied as moot. The district court's partial summary judgments, filed September 4, 1990 and November 13, 1990, and the district court's judgment, filed April 29, 1991, are hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.