**John B. YOUNG, Plaintiff-Appellee,**

v.

**Carl E. LANGLEY; Wilbur E. Bond, Jointly and Severally, Defendants-Appellants.**

**No. 85–1196.**

United States Court of Appeals, Sixth Circuit.

Argued April 11, 1986.

Decided June 24, 1986.

---

James M. Pidgeon (argued), Wilson, Portnoy and Leader, P.C., Bloomfield Hills, Mich., for defendants-appellants.

Otis M. Underwood, Jr. (argued), Oxford, Mich., for plaintiff-appellee.

Before KEITH and MARTIN, Circuit Judges, and WEICK, Senior Circuit Judge.

KEITH, Circuit Judge.

Defendants, Carl E. Langley and Wilbur Bond, appeal the jury verdict for plaintiff, John B. Young, under 42 U.S.C. § 1983 (1982) for job discrimination. We affirm the jury verdict because defendants did not preserve their issues on appeal.

### I.

The defendants, Langley and Bond, were Sheriff and Under Sheriff of Lapeer County Michigan from 1976 thru 1980. Plaintiff was a Deputy Sheriff. In the Spring of 1980, plaintiff decided to run for the office of Sheriff. After plaintiff circulated nominating petitions to run for Sheriff, defendants demoted plaintiff to turnkey status allegedly because he took his daughter from school early in violation of a city ordinance and he did not respond to an emergency call. Two months later on June 3, 1980, plaintiff was suspended for five days without pay for allegedly allowing a prisoner to escape. Defendants then relayed all of these charges to the Lapeer County Press, which were printed in a June 4, 1980 newspaper article. Plaintiff denied the above charges and claimed that his first and fourteenth amendment rights were violated when defendants punished

plaintiff for wrongs he did not commit and told the Lapeer County Press about the false charges. He also claimed that the charges caused him to lose the 1980 primary election for Sheriff.

During the trial, defendants moved for a directed verdict after plaintiff presented his case. However, defendants did not renew the directed verdict motion after all the evidence was presented. The factual issues presented for the jury's consideration were submitted to them by a Jury Questionnaire. The jury answered all the questions in the affirmative. The jury awarded $750,000 to plaintiff Young and against defendants, $350,000 in compensatory damages and $400,000 in punitive damages. No motion for judgment notwithstanding the verdict was made. Furthermore, no motion was made for a new trial or for remittitur.

On appeal, defendants Langley and Bond claim that the verdict was excessive, that the evidence did not support certain findings of the jury, that the jury verdict form was flawed and that defendants cannot be held liable for the actions of their subordinates.

## II.

### A. *Excessiveness of Jury Verdict*

Defendants argue that the jury verdict was excessive. We disagree.

■ In civil cases, our review of excessive verdicts is limited to those errors adequately preserved in the trial court. The excessiveness or inadequacy of verdicts should be submitted to the trial court by motion for new trial. *See Hahn v. Becker,* 588 F.2d 768, 771 (7th Cir.1979). The purpose for new trial motions is to give the trial judge the opportunity to initially correct errors made at trial. The trial judge must be given the opportunity to exercise his discretion. Furthermore, the trial judge's ruling on that motion creates a full record on appeal. On appeal, our scope of review is limited to whether the trial court abused its discretion in ruling on that motion. *Petition of H & H Wheel Service,*

219 F.2d 904, 916 (6th Cir.1955); *Hahn,* 588 F.2d at 771. This court may not review the alleged excessiveness of verdicts absent a timely motion for new trial and the trial court's ruling thereon. *Hahn,* 588 F.2d at 771; *Panger v. Duluth, Winnipeg and Pacific Ry. Co.,* 490 F.2d 1112, 1118 (8th Cir.1974); *Ryen v. Owens,* 446 F.2d 1333, 1333–34 (1971).

■ In the present case, the excessiveness of damages issue was raised for the first time on appeal. The trial court never had an opportunity to pass on the claim now presented by defendants. Since defendants did not timely raise the excessiveness of the verdict issue, we hold that it is not now appropriate for review.

### B. *Sufficiency of the Evidence*

Defendants claim that the evidence does not support the liability findings of the jury. We believe that since appellants did not preserve this issue for appeal, we need not reach the merits.

■ The Seventh Amendment of the United States Constitution provides that no fact tried by a jury shall be re-examined by any court except according to the rules of the common law. This circuit recently reiterated this principle in *Moran v. Johns-Manville Sales Corp.,* 691 F.2d 811, 813 (6th Cir.1982). In *Moran* we stated that "[s]trictly speaking, this court does not review the actions of juries. Our review of the sufficiency of the evidence is by review of a trial judge's rulings on motions for directed verdict or JNOV...." *Id.* Furthermore, where a defendant moves for directed verdict at the close of plaintiff's testimony and does not renew its motion at the close of the entire testimony, defendant waives its original motion and is precluded from questioning the sufficiency of the evidence on appeal. *American National Bank & Trust Company v. Dean,* 249 F.2d 82, 83 (6th Cir.1957); *see Warner v. Kewanee Machinery & Conveyor Company,* 411 F.2d 1060 (6th Cir.1969), *cert. denied,* 398 U.S. 906, 90 S.Ct. 1685, 26 L.Ed.2d 65 (1970); *see also Dunn v. Sears, Roebuck & Co.,* 639 F.2d 1171, 1175 (5th Cir.1981)

(holding that in absence of a motion for directed verdict, sufficiency of evidence is not reviewable on appeal).

■ The present case was tried to a jury on the facts. Although defendants made a motion for directed verdict at the close of plaintiff's proofs, no motion for directed verdict was made at the close of all the proofs. Not only does this omission preclude our review of this issue, the fact that no motion for JNOV was made by defendants also prevents this Court from ruling on this matter. Since our review is limited by the trial judge's rulings on motions for directed verdict or JNOV and since no directed verdict or JNOV motion was made at the close of the proofs, we hold that the sufficiency of the evidence challenge has not been properly preserved for appeal.

### C. *Jury Verdict Form*

Defendants argue that the flawed jury verdict form necessitates a new trial on the issue of punitive damages. We disagree.

■ Generally, where a party fails to object to an instruction this Court will not consider that objection on appeal. *Wiskotoni v. Michigan National Bank-West*, 716 F.2d 378, 388–89 (6th Cir.1983). Where an error in jury instructions is obvious and prejudicial, an appellate court may consider the matter in the interests of justice where the complaining party has failed to object to the jury instructions at trial. *Id.* at 382. Although a motion for new trial is not required for appellate review, failure to include an excessive damages issue in a motion for a new trial or otherwise present it to the trial court precludes our review. *See Haley v. Wyrick*, 740 F.2d 12, 13 (8th Cir.1984) (holding that an excessiveness of a verdict issue should be a matter for the trial court which has had the benefit of hearing the testimony and observing the demeanor of the witnesses and which knows the community and its standards).

When this case was first tried in 1983, the instructions to the jury, which included the verdict form, were agreed upon by the parties. Defendants did not make a motion objecting to the jury instructions during the intervening years and no objection was made to the jury instructions or verdict form used in the 1985 trial. Moreover, defendants did not make a JNOV motion after the verdict to correct this alleged error. Furthermore, a motion for new trial was not requested until appeal. Since there is no allegation that the jury instruction form was prejudicial and since no excessive damage claim was made in a new trial motion, we hold that defendants did not properly preserve this issue for appeal.

### D. *Liability of Defendants*

■ Defendants argue for the first time on appeal that the legal theory of respondeat superior has application to this case. Again, we decline to review the merits of an unpreserved claim.

The above argument was not addressed to the trial court in a motion for directed verdict, JNOV or even an objection to the jury instructions. Since this is a question of fact and is related to the sufficiency of the evidence, we hold that defendants did not preserve this issue for review under the same rationale listed in part II B of this opinion.

Accordingly, we affirm the decision of the district court awarding damages to the plaintiff.