924 F.2d 1058
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Anthony HINKSTON, Plaintiff-Appellant,
v.
Harry FRISBY, Defendant-Appellee,
State of Ohio, Intervenor-Appellee.
 No. 90-3269.
 United States Court of Appeals, Sixth Circuit.
 Feb. 6, 1991.
 
 Before MILBURN and RALPH B. GUY, Jr., Circuit Judges; and BAILEY BROWN, Senior Circuit Judge.
 
 ORDER
 
 1
 Anthony Hinkston appeals from a judgment based on a jury verdict entered in favor of the defendant police officer. Additionally, he requests in forma pauperis status, the appointment of counsel, and a transcript at government expense. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary damages, Hinkston brought this civil rights action alleging that the defendant police officer deprived him of his constitutional rights by: (1) forcing him to participate in a lineup; (2) banging his head against a wall during an interrogation; and (3) depriving him of his right to have an attorney present during an interrogation. On November 7, 1988, the district court dismissed those claims that could conceivably be considered a petition for a writ of habeas corpus. The court, however, allowed Hinkston to proceed to trial on the two excessive force claims. On March 13, 1990, the jury returned a verdict in favor of defendant on both excessive force claims.
 
 
 3
 Concerning the requests for in forma pauperis status and a transcript at government expense, we note that the clerk's office allowed Hinkston to proceed as a pauper in this case. Also, the district court ordered the court reporter to furnish the transcript of the trial to this court. Therefore, these two requests are moot.
 
 
 4
 Upon review, we affirm the decision of the court below for the reasons that follow. First, Hinkston's jury instruction challenge has not been properly preserved for appeal. No objection was made to the jury instructions during the March 12, 1990 trial, and the instruction was not the type of "obvious and prejudicial" error that this court will consider for the first time on appeal "in the interest[s] of justice." See Young v. Langley, 793 F.2d 792, 795 (6th Cir.), cert. denied, 479 U.S. 950 (1986); Fed.R.Civ.P. 51.
 
 
 5
 Second, Hinkston argues that the defendant failed to prove that he acted in good faith during the lineup procedure. This is a question of fact and is related to the sufficiency of the evidence. In reviewing jury verdicts in civil cases to determine whether sufficient evidence supports the judgment, this court views the evidence in the light most favorable to the prevailing party. See Calhoun v. Baylor, 646 F.2d 1158, 1160 (6th Cir.1981). Viewed under this standard of review, the evidence supports the jury verdict on the excessive force claims.
 
 
 6
 Third, the district court had no duty to appoint counsel to represent Hinkston in his civil action; the district court is endowed with discretion in deciding whether to do so. See Ana Leon T. v. Federal Reserve Bank, 823 F.2d 928, 930 (6th Cir.) (per curiam), cert. denied, 484 U.S. 945 (1987). Moreover, the provisions of 28 U.S.C. Sec. 1915(d) do not require the district court to appoint counsel. Therefore, Hinkston's argument to the contrary is without merit.
 
 
 7
 We will not address Hinkston's remaining claims on appeal as those claims were not presented in the district court. See Pinney Dock & Transport Co. v. Penn Cent. Corp., 838 F.2d 1445, 1461 (6th Cir.), cert. denied, 488 U.S. 880 (1988).
 
 
 8
 For the foregoing reasons, the request for appointment of counsel is denied, the requests for in forma pauperis status and a transcript at government expense are denied as moot, and the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.