935 F.2d 271
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Janine THOMPSON, Plaintiff-Appellee
v.
Isiah THOMPSON, Defendant-Appellant
 No. 90-3290.
 United States Court of Appeals, Sixth Circuit.
 June 7, 1991.
 
 Before RYAN, and SUHRHEINRICH, Circuit Judges, and SILER, Chief District Judge.*
 PER CURIAM.
 
 
 1
 The Appellee, Janine Thompson [hereinafter "the plaintiff"], filed an action in 1984 in the district court against the Ohio House of Representatives, Representative Isiah Thompson [hereinafter "the defendant"], and Thomas R. Winters[1] alleging that the defendants discriminated against her and harassed her because of her sex. She alleged that the defendant's conduct violated the fourteenth amendment to the United States Constitution, 42 U.S.C. Sec. 1983, and 42 U.S.C. Sec. 2000e et seq.[2] She also brought pendent state claims for assault and battery, intentional infliction of emotional distress, and invasion of privacy.
 
 
 2
 The jury found that the defendant had violated 42 U.S.C. Sec. 1983 by subjecting the plaintiff to "quid pro quo" sexual harassment, but it found for the defendant on all other claims. A judgment in the amount of $55,000.00 for compensatory damages and $50,000.00 for punitive damages was entered. The defendant filed a timely motion for judgment notwithstanding the verdict or, alternatively, for a new trial. The trial court denied the motion on March 13, 1990, and this appeal followed.
 
 
 3
 The defendant contends on appeal that the trial court erred as a matter of law in permitting the plaintiff to proceed with a claim of "quid pro quo" sexual harassment under 42 U.S.C. Sec. 1983 as violative of the fourteenth amendment equal protection clause. It is unnecessary to resolve the merits of this contention because the defendant failed to preserve this issue for appeal.[3]
 
 
 4
 The defendant's failure to object to the district court's jury instructions[4] precludes him from prevailing on appeal.[5] Rule 51 is to be construed strictly. See Springfield v. Kibbe, 480 U.S. 257, 259 (1987): Young v. Langley, 793 F.2d 792 (5th Cir.), cert. denied, 479 U.S. 950 (1986). In Young, this court held that a party waives his right to appeal if he does not object to the instructions tendered at trial. Id. at 795. The Young court enunciated an exception to the aforementioned general rule in stating that the interests of justice warrant appellate review if an error in the jury instructions is obvious and prejudicial, notwithstanding the absence of an earlier objection. Id.
 
 
 5
 After carefully reviewing the record before us, we conclude that the alleged error was not brought to the court's attention. The defendant complains on appeal that the plaintiff is relying, in part, on proof that was not admitted into evidence at trial, and therefore was not subjected to cross examination. The defendant further contends that the omitted evidence is outside the record, irrelevant, and prejudicial. Although not in the record, the evidence may have been relevant to the issue which is raised on appeal and may have been relevant to issues of consequence at trial had the defendant chosen to raise the issue now addressed on appeal in a timely fashion.
 
 
 6
 The defendant has cited Ivey v. Wilson, 832 F.2d 950, 955 (6th Cir.1987), as authority for the court to grant relief where the error was obvious and prejudicial, even if the party did not object to the instructions given. However, if there was error here, it may have been prejudicial, but it was not obvious. Under Starrett v. Wadley, 876 F.2d 808 (10th Cir.1989), and Volk v. Coler, 845 F.2d 1422 (7th Cir.1988), such a cause of action exists and the evidence in this case in the light most favorable to the plaintiff justifies such a theory to be presented to the jury. The failure to object to the jury's consideration of whether a Sec. 1983 "quid pro quo" sexual harassment claim is cognizable in this action is fatal to this appeal. Therefore, the decision by Judge Kinneary is AFFIRMED.
 
 
 
 *
 The Honorable Eugene E. Siler, Jr., Chief United States District Judge for the Eastern District of Kentucky and United States District Judge for the Western District of Kentucky, sitting by designation
 
 
 [1]
 Thomas R. Winters, former Executive Secretary of the Ohio House of Representatives, and the Ohio House of Representatives were dismissed from the suit
 
 
 [2]
 The trial court dismissed the Appellee's Title VII claims on the ground that 42 U.S.C. Sec. 2000e(f) exempted her from Title VII coverage
 
 
 [3]
 The decision in this action does not in any way reflect upon whether a claim of "quid pro quo" sexual harassment is actionable pursuant to 42 U.S.C. Sec. 1983 where the defendant's conduct violates the equal protection clause
 
 
 [4]
 The court instructed the jury that:
 The second element of the plaintiff's claim is that Ike Thompson deprived her of a federal right by subjecting her to quid pro quo sexual harassment, thereby depriving her of the equal protection of the law. In order for the plaintiff to establish this second element, she must show five things by a preponderance of the evidence:
 First, that the plaintiff was member of a class of persons protected by Sec. 1983 of Title 42;
 Second, the defendant subjected the plaintiff to sexual harassment in the form of unwelcome sexual advances or requests for sexual favors;
 Third, the harassment complained of was based on sex;
 Fourth, the plaintiff's submission to the unwelcome advances was a condition for receiving job benefits or the plaintiff's refusal to submit to the defendant's sexual advances resulted in adverse employment actions;
 Fifth, the defendant acted intentionally.
 
 
 [5]
 Rule 51 of the Federal Rules of Civil Procedure [hereinafter "Rule 51"] states as follows:
 No party may assign as error the giving or the failure to give an instruction unless that party objects thereto before the jury retires to consider its verdict, stating distinctly the matter objected to and the grounds of the objection.