961 F.2d 1577
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Kathleen GIORGIO, Plaintiff-Appellant,
v.
HOWMET CORPORATION, Defendant-Appellee.
 No. 91-6025.
 United States Court of Appeals, Sixth Circuit.
 May 8, 1992.
 
 Before NATHANIEL R. JONES and ALAN E. NORRIS, Circuit Judges, and WELLFORD, Senior Circuit Judge.
 
 ORDER
 
 1
 Kathleen Giorgio, a pro se plaintiff, appeals the district court's judgment for the defendant in her diversity promissory estoppel claim. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary damages, Giorgio sued the defendant corporation ("Howmet") on claims of breach of oral contract, promissory estoppel, and misrepresentation. In addition, the district court sua sponte raised the issue of promissory fraud. Giorgio alleged that she moved her family from New Jersey to Tennessee in reliance upon a promise of employment by Howmet, only to be told that there was no position available for her when she subsequently reported to Howmet. This court previously upheld grants of summary judgment for the defendant on the claim of oral contract, see Giorgio v. Howmet Corp., No. 88-6158 (6th Cir. May 23, 1989), and on the claims of misrepresentation and promissory fraud. See Giorgio v. Howmet Corp., No. 89-6499 (6th Cir. Aug. 29, 1990). However, this court vacated the district court's grant of summary judgment on the claim of promissory estoppel and remanded the case for further proceedings. The district court subsequently conducted a jury trial on Giorgio's remaining claim which resulted in a jury verdict in favor of the defendant. Giorgio has filed a timely appeal.
 
 
 3
 On appeal, Giorgio raises six alleged trial errors: (1) the trial court erroneously admitted documents that were never stipulated to, testified to, or authenticated; (2) the trial court admitted evidence that was illegally obtained by Howmet's counsel; (3) the trial court did not rule on Giorgio's motion to reconsider the final pre-trial order; (4) the trial court improperly questioned two of Giorgio's witnesses regarding their relationship to her; (5) the trial court allowed unsworn testimony to be presented; and (6) the trial court improperly allowed the reading of telephone deposition transcripts that were not verbatim. In addition, Howmet has briefed the issue of whether the jury's verdict is supported by the weight of the evidence.
 
 
 4
 Upon review, we affirm the district court's judgment because the district court committed no reversible error and the verdict is supported by the weight of the evidence.
 
 
 5
 The district court did not abuse its discretion in admitting the realtor referrals, Irene Schurden's handwritten letter, and the depositions. See United States v. Rios, 842 F.2d 868, 872 (6th Cir.1988) (per curiam), cert. denied, 488 U.S. 1031 (1989). Moreover, Giorgio is precluded from appealing the admission of the letter and depositions, the trial court's questioning of witnesses, and the jury instruction because she failed to object to those matters at trial. See Young v. Langley, 793 F.2d 792, 795 (6th Cir.), cert. denied, 479 U.S. 950 (1986); American Anodco, Inc. v. Reynolds Metals Co., 743 F.2d 417, 424 (6th Cir.1984). In any event, the district court's questions to Giorgio's children, and its jury instruction regarding possible motive for bias as to all witnesses were proper. Further, Giorgio's attorney stipulated to the taking of the depositions in question and their use at trial. Giorgio is therefore estopped from objecting to their admission.
 
 
 6
 Next, although Giorgio correctly notes that the trial court prevented her from raising her motion to reconsider the magistrate's final pre-trial order before the trial began with the promise that it would hear her motion "later," the court's oversight in failing to return to the motion does not constitute reversible error. The record indicates that Giorgio made no further attempt to have her motion heard. Moreover, her motion to reconsider relates almost entirely to the admissibility of the realtor referrals and the court did rule on this matter when Giorgio raised her objection at trial.
 
 
 7
 Giorgio's assertion that the district court allowed unsworn testimony is utterly baseless. The trial transcript clearly shows that all witnesses were sworn at the start of the trial.
 
 
 8
 Finally, in addition to the issues raised by Giorgio in her appellate brief, Howmet has responded to her challenge to the sufficiency of the evidence which was briefly raised in her notice of appeal. We note that Giorgio did not move for a directed verdict at the close of the evidence; thus, this issue is waived. See Young, 793 F.2d at 794-95. In any event, our review of the record establishes that the jury's verdict is supported by the weight of the evidence.
 
 
 9
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.