999 F.2d 541
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
James WINBUSH, Defendant-Appellant.
 No. 92-2240.
 United States Court of Appeals, Sixth Circuit.
 July 26, 1993.
 
 Before KENNEDY and MARTIN, Circuit Judges, and WISEMAN, District Judge.*
 PER CURIAM.
 
 
 1
 Defendant James Winbush appeals his jury conviction for conspiracy to possess with intent to distribute and to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and for aiding and abetting the distribution of cocaine, in violation of 21 U.S.C. § 841(a)(1). On appeal, defendant contends that (1) the District Court erred in permitting the prosecutor to refer to the drug transaction as a "rip off" on the ground that such reference was to an "other crime" in violation of Fed.R.Evid. 404(b), and (2) the District Court failed to give an adequate limiting instruction to the jury regarding the prosecutor's remarks. For the reasons stated below, we affirm.
 
 I.
 
 2
 This case involves an alleged conspiracy on the part of defendants and others to sell cocaine to Lawrence Awdish, a Drug Enforcement Administration (DEA) informant. Awdish informed DEA Special Agent Randy Gilbert that "Victor" Vittorio Basilisco was interested in selling cocaine. At the direction of the DEA, Awdish agreed to buy two kilograms of cocaine from Basilisco and an individual named Kenneth Winbush for a price of $50,000. Throughout the negotiations, defendant served as a "go between" for Basilisco and Kenneth Winbush. Defendant was in phone contact with Awdish and was present at meetings with Awdish and defendant's co-conspirators. On December 11, 1989, Awdish picked up defendant at a bowling alley in Detroit and they proceeded to the location for the sale. Awdish and defendant were met there by Salina Harris, the source, and Cleveland Shell. Shell revealed two packages apparently containing the agreed upon two kilos of cocaine. In fact, however, one package contained only drywall and the other contained 4.66 grams of cocaine and 887 grams of wallboard. Shell sliced the package containing cocaine and asked Awdish to test it. Awdish tested the cocaine and purchased both packages.
 
 
 3
 On October 25, 1990, a Grand Jury for the Eastern District of Michigan, Southern Division, indicted defendant on two counts. First, defendant was indicted for conspiring to possess with intent to distribute and to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. The second count was for aiding and abetting the distribution of cocaine, in violation of 21 U.S.C. § 841(a)(1). On July 1, 1992, a jury found defendant guilty of both counts after a trial which began on June 29, 1992. On September 24, 1992, the District Court sentenced defendant to 21 months imprisonment on each count, to run concurrently. Defendant appeals seeking a new trial.
 
 II.
 
 4
 Defendant's primary contention is that he was deprived of a fair trial by the prosecutor's characterization, during opening and closing, of the alleged drug transaction as a "rip off" and by other words denoting theft. Defendant alleges prosecutorial misconduct on the ground that any evidence of defendant's theft from Awdish was inadmissible under Fed.R.Evid. 404(b) and, therefore, any reference to such evidence was improper. In order to sustain the claim of prosecutorial misconduct, defendant must persuade this Court that rule 404(b) was violated.
 
 
 5
 Rule 404(b) provides in pertinent part: "Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show action in conformity therewith...." Fed.R.Evid. 404(b). The rule excludes evidence of acts extrinsic to those for which the defendant is charged if such evidence is offered for the purpose of demonstrating the character or criminal propensity of the defendant. United States v. Vance, 871 F.2d 572, 575 (6th Cir.1989), cert. denied, 493 U.S. 933 (1989). In the present case, defendant's plan to "rip off" Awdish was not extrinsic to the cocaine sale. Rather, the very act by which defendant stole from Awdish was the sale of a smaller amount of cocaine than they had agreed upon. The "rip off" scheme was part and parcel of the drug transaction and did not constitute an "other crime" for purposes of rule 404(b). Rule 404(b) does not apply to the evidence of theft here and, consequently, such evidence was properly admitted. See United States v. DeClue, 899 F.2d 1465, 1472 (6th Cir.1990) ("Evidence which is probative of the crime charged and does not solely concern uncharged crimes is not 'other crimes' evidence.") The District Court did not err by admitting evidence of defendant's plan to "rip off" Awdish.
 
 
 6
 We turn now to the question of prosecutorial misconduct. This Court will generally not reverse a conviction on the grounds of prosecutorial misconduct unless such conduct "was egregious, continuous, and uncorrected by judicial intervention." United States v. Morrow, 977 F.2d 222, 229 (6th Cir.1992) (en banc) (citations omitted). In this case, the prosecutor's characterization of the drug transaction was warranted by admissible evidence and, therefore, we find no error.
 
 III.
 
 7
 Defendant's second contention is that the judge failed to adequately instruct the jury as to the proper use of the theft evidence and the prosecutor's references thereto. The judge instructed the jury that statements by counsel are not evidence and that the jury's job is limited to deciding guilt or innocence as to the crimes charged in the indictment. Because defendant failed to object to the instruction at trial, we review for plain error.[1] Fed.R.Evid. 103; Young v. Langley, 793 F.2d 792, 795 (6th Cir.1986), cert. denied, 479 U.S. 950 (1986) (where party fails to object, court may review jury instruction if error is "obvious and prejudicial"). We find the jury instructions adequate.
 
 IV.
 
 8
 For the reasons stated above, the defendant's convictions are AFFIRMED.
 
 
 
 *
 Honorable Thomas A. Wiseman, Jr., United States District Judge for the Middle District of Tennessee, sitting by designation
 
 
 [1]
 In fact, following the reading of the instructions, the defendant himself expressed that he was "satisfied with the instructions as given." Jury Instructions, Transcript, Vol. II, p. 203