19 F.3d 19
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
John W. BOURNE, Defendant-Appellant.
 No. 93-1869.
 United States Court of Appeals, Sixth Circuit.
 March 11, 1994.
 
 Before: NELSON and SILER, Circuit Judges, and WELLFORD, Senior Circuit Judge.
 
 ORDER
 
 1
 This is a direct appeal of a criminal conviction in which counsel for the defendant moves to withdraw representation. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1993, John Bourne was found guilty after a jury trial of one count of abusive sexual conduct, in violation of 18 U.S.C. Sec. 2244. The court sentenced Bourne to a twenty-four month term of imprisonment and this appeal followed.
 
 
 3
 On appeal, counsel for Bourne filed a motion to withdraw as well as a "no merit" brief pursuant to Rule 12, Rules of the Sixth Circuit, and Anders v. California, 386 U.S. 738 (1967). Bourne was served with this motion on September 10, 1993, and was invited to respond within twenty-one days. He has not chosen to do so.
 
 
 4
 Bourne was indicted for and convicted of abusive sexual conduct under 18 U.S.C. Sec. 2244. He was charged specifically with intentionally touching a girl under the age of 12 in the groin area both directly and through her clothing. Bourne was found guilty after a jury trial at which the victim of the offense testified that Bourne had touched her while she was playing in his bedroom. Bourne did not take the stand in his defense.
 
 
 5
 Counsel for Bourne highlights two arguable appellate issues in keeping with the duty imposed on him by Anders. The first concerns the refusal of the trial court to give a jury instruction requested by the defense. The instruction, Sixth Circuit Jury Instruction 7.10, is a general admonition to the jury to weigh the maturity and experience of a young witness when the jury considers the substance of the testimony presented by that witness. Counsel concludes, however, that the court properly declined to give the instruction due to language in 18 U.S.C. Sec. 3509(c)(2) that strongly implies that a child witness is presumed competent to testify in the absence of an express determination to the contrary. The statute, part of the Child Victims and Child Witness Rights Act, does indeed lend itself to the interpretation advanced by counsel for Bourne. In addition, it appears that this issue has not been preserved for appeal after counsel for Bourne agreed with the trial court's decision not to give the instruction requested. See Young v. Langley, 793 F.2d 792, 795 (6th Cir.) (instruction error waived unless error obvious and prejudicial), cert. denied, 479 U.S. 950 (1986).
 
 
 6
 The second arguable appellate issue is the propriety of the trial court's decision to reserve ruling on a prosecution motion to introduce evidence of Bourne's prior bad acts under Fed.R.Evid. 404(b). The trial court initially denied a government motion to introduce Rule 404(b) material but left the door open for the government to renew its motion should Bourne take the stand or for other rebuttal purposes. Counsel for Bourne correctly notes that, as no Rule 404(b) material was ever introduced, there is no prejudice apparent to the defendant. This assessment is an accurate summary of the record. Thus, neither issue raised by counsel has merit.
 
 
 7
 Our independent examination of the case has not unearthed any reversible error in the present proceedings. The precise provision of 18 U.S.C. Sec. 2244 that applies to this case is Sec. 2244(a)(1) which reads, in pertinent part, as follows:
 
 
 8
 (a) Sexual conduct in circumstances where sexual acts are punished by this chapter.--Whoever, in the special maritime and territorial jurisdiction of the United States or in a Federal prison, knowingly engages in or causes sexual contact with or by another person, if so to do would violate--
 
 
 9
 (1) section 2241 of this title had the sexual contact been a sexual act, shall be fined under this title, imprisoned not more than ten years, or both....
 
 
 10
 "Sexual contact" is defined, in part, at 18 U.S.C. Sec. 2245(3) as the intentional touching, either directly or through the clothing, of the genitalia, groin, or inner thigh of any person with an intent to gratify the sexual desire of any person. Section 2241(c) of Title 18 makes it a crime for anyone in the aforementioned jurisdiction to knowingly engage in a sexual act with another person who has not attained the age of 12 years.
 
 
 11
 The indictment and the judgment and commitment order refer to the crime charged as being under Sec. 2244(1) instead of Sec. 2244(a)(1). Whether this resulted from a typographical error or oversight, it does not constitute reversible error as it plainly appears that Bourne was sufficiently appraised of the charges against him to prepare a response. United States v. Sturman, 951 F.2d 1466, 1479 (6th Cir.1991), cert. denied, 112 S.Ct. 2964 (1992)
 
 
 12
 The trial was prosecuted in the United States District Court for the Western District of Michigan. The incident occurred on the Sault Ste. Marie Band of Chippewa Indians Tribal Reservation. The victim was a member of the Chippewa Tribe and, it appears, so was Bourne shortly before the time of the offense. Jurisdiction thus properly vested in the United States District Court for the Western District of Michigan. See 18 U.S.C. Sec. 1152 (general grant of jurisdiction in district courts over like offenses in Indian country under the Federal Enclaves Act); 28 U.S.C. Sec. 102(b)(2) (parameters of Western District of Michigan).
 
 
 13
 The only possible issue remaining to review is the quantity of evidence adduced against Bourne. It must be noted that counsel for Bourne did not make a motion under Fed.R.Crim.P. 29 for judgment of acquittal at the close of the prosecution's case. This issue has thus not been preserved for appellate review, absent a manifest miscarriage of justice. United States v. Swidan, 888 F.2d 1076, 1080 (6th Cir.1989). Moreover, a conviction will be upheld if any rational trier of fact could have found the essential elements of the crime charged beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979). The testimony of the victim in this case established all the elements of the offense charged and was accordingly sufficient to withstand appellate review if that issue were before the court. Neither counsel objected to the ultimate calculation of the sentence meted out to Bourne. The appeal lacks merit.
 
 
 14
 Accordingly, the motion to withdraw is granted and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.