37 F.3d 1499
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Edward E. GOMCSAK, Plaintiff-Appellant,
v.
FOUR ARROW EXPRESS, INC.; James M. Friend, Defendants-Appellees.
 No. 94-3043.
 United States Court of Appeals, Sixth Circuit.
 Sept. 30, 1994.
 
 1
 Before: GUY and BATCHELDER, Circuit Judges, and McCALLA, District Judge.*
 
 ORDER
 
 2
 This pro se Ohio litigant appeals a district court judgment in a civil case awarding him $10,000 in compensatory damages for his personal injuries. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking monetary damages for injuries sustained in an automobile accident, Edward E. Gomcsak, then with counsel, sued the driver and trucking company that owned a tractor trailer that struck his car. Gomcsak's wife claimed a loss of consortium.
 
 
 4
 Sitting in diversity jurisdiction, the district court granted Mr. And Mrs. Gomcsak summary judgment on the issue of liability and submitted the case to a jury on the issue of damages. Following a two-day trial, the jury returned a verdict for Edward Gomcsak in the amount of $10,000, but did not award Mrs. Gomcsak any amount in damages. The plaintiffs did not move for a new trial. Edward Gomcsak, without benefit of counsel, appeals the judgment awarding him $10,000.
 
 
 5
 In his timely appeal, Gomcsak appears to argue that the damage award is insufficient because it does not represent the full extent of his injuries nor the full amount of his medical expenses.
 
 
 6
 Upon review, we conclude that Gomcsak did not preserve the issue of damages in the district court for proper appellate review. In order to invoke this court's review of a claim challenging the amount of a jury's verdict, an objection to the award must first be made in the district court in the form of a post-judgment motion seeking a new trial or judgment notwithstanding the verdict. Sanders v. Brewer, 972 F.2d 920, 923 (8th Cir.1992); Young v. Langley, 793 F.2d 792, 794-95 (6th Cir.), cert. denied, 479 U.S. 950 (1986). If the issue is not properly preserved, an appellate court may review the sufficiency of a verdict only under exceptional circumstances reflecting a "plain injustice," or a "monstrous" or "shocking" result. Sanders, 972 F.2d at 923.
 
 
 7
 Gomcsak did not properly preserve his challenge to the sufficiency of the jury's verdict. Gomcsak did not file any kind of post-judgment motion challenging the jury's award of $10,000 to him. Thus, there is no objection, argument or ruling in the record for this court to review. Furthermore, Gomcsak has not argued that any exceptional circumstances exist which would allow the court to review the sufficiency of the jury's verdict. Our own review of the record likewise shows that no exceptional circumstances exist.
 
 
 8
 Accordingly, the district court's judgment is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Jon P. McCalla, U.S. District Judge for the Western District of Tennessee, sitting by designation