66 F.3d 327
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Walter Eldon SCHLICKER, Jessie Chavez, Jr., Donna J.
Schlicker, Defendants-Appellants.
 Nos. 94-1344, 94-1352, 94-1523.
 United States Court of Appeals, Sixth Circuit.
 Sept. 8, 1995.
 
 Before: RYAN, BATCHELDER, and MOORE, Circuit Judges.
 BATCHELDER, Circuit Judge.
 
 
 1
 Defendants-appellants Jessie Chavez, Jr. and Donna J. Schlicker appeal their sentences and defendant-appellant Walter Eldon Schlicker appeals his conviction and sentence.
 
 
 2
 On September 15, 1993, defendants were indicted by a federal grand jury for conspiring to distribute marijuana from November, 1992 through September 2, 1993. Walter Schlicker was also indicted for possession with intent to deliver marijuana in August of 1993 and for using a weapon during the drug activity. Each of the conspirators except for Walter Schlicker eventually pled guilty to the conspiracy charge. After a jury trial, Walter Schlicker was found guilty on each of the three counts against him.
 
 
 3
 Chavez was sentenced to 204 months of imprisonment to be followed by eight years of supervised release. Schlicker was sentenced to 123 months of imprisonment to be followed by four years of supervised release. Donna Schlicker was sentenced to 40 months of imprisonment to be followed by four years of supervised release.
 
 
 4
 These timely appeals followed. For the reasons that follow, we affirm Walter Schlicker's conviction and the sentences of all three appellants.
 
 I.
 
 5
 At the time that this drug conspiracy was taking place, Walter Schlicker ("Schlicker") lived with his father, Eldon Schlicker, and stepmother, Donna Schlicker, in Burt, Michigan. Donna Schlicker's son, Morgan Carroll, and Carroll's girlfriend resided in another house owned by Schlicker's father in Saginaw, Michigan. Carroll (Schlicker's stepbrother) was identified by the Government as the ringleader of the drug conspiracy. On numerous occasions, Carroll's girlfriend, Carroll's mother Donna, and Schlicker helped Carroll transport shipments of marijuana from Texas to Michigan. Search warrants were executed at both the above residences on August 19, 1993. Seized from the two residences was marijuana, cash, firearms, and various other items associated with the drug trafficking activity.
 
 II.
 
 6
 Walter Schlicker asserts five assignments of error which occurred at his trial. First, Schlicker contends that the trial judge abused his discretion by permitting Sam Zerka, cellmate of Schlicker and Carroll prior to trial, to testify about Schlicker's own statements and adoptive admissions while in jail. According to Zerka, Schlicker's co-conspirator, Carroll, initiated conversations on four or five occasions during which he bragged about the drug trafficking activity. Schlicker was present at each of the conversations and participated on two or three occasions.
 
 
 7
 According to Zerka's testimony at trial, Schlicker and Carroll discussed what their plans had been to distribute the marijuana had it not been seized from their residences and vehicles. The drugs being discussed were therefore drugs involved in the conspiracy and the conversations were directly related to the conspirators' future plans. In addition, these conversations are admissible under 404(b) as evidence of Schlicker's intent to distribute and knowledge of the previous distribution. Schlicker's defense at trial was that he was not aware that any of the marijuana was being distributed; rather, he claimed that he was a heavy recreational user, consuming much of the marijuana himself. The Government was therefore warranted in introducing evidence of Schlicker's knowledge of and intent to distribute marijuana. We find no error in permitting Zerka to testify on this topic.
 
 
 8
 Schlicker also claims (1) that the district court improperly restricted his cross-examination of witness Zerka, (2) that the court abused its discretion in permitting a portion of the prosecutor's closing argument, (3) prosecutorial misconduct, and (4) error in the court's jury instruction on the gun charge. We find no merit in any of these contentions. We have reviewed the record and it is apparent that the district court acted within its discretion after it carefully considered Schlicker's objections at trial, both to the restriction on cross-examination and to the prosecutor's closing argument. Likewise, we do not find merit in Schlicker's allegation of prosecutorial misconduct. Despite Schlicker's contentions, the alleged misconduct is not "so pronounced and persistent that it permeated the entire atmosphere of the trial." United States v. Payne, 2 F.3d 706, 712 (6th Cir.1993). Finally, because Schlicker did not object to the jury instruction at the time it was given, we review for plain error. Young v. Langley, 793 F.2d 792, 795 (6th Cir.), cert. denied, 479 U.S. 950 (1986). The court's instruction was not plain error. It was enough for the jury to find that Schlicker used the weapons "as 'an integral part of his criminal undertaking....' " United States v. Acosta-Cazares, 878 F.2d 945, 952 (6th Cir.) (citing United States v. Matra, 841 F.2d 837, 843 (8th Cir.1988)), cert. denied, 493 U.S. 899 (1989). From the evidence at trial showing that at least four guns were found on Schlicker's property, including a loaded .22 caliber pistol found in Schlicker's trailer, the jury could reasonably infer that Schlicker was guilty of using and carrying weapons during the conspiracy and in connection with the drug trafficking offenses.
 
 
 9
 Defendant-appellant, Jessie Chavez, Jr., asserts two assignments of error: First, that the court improperly calculated the quantity of drugs which should have been attributed to Chavez, and second, that the district court erred in denying him a reduction for acceptance of responsibility. Neither of these claims has merit. The district court held numerous hearings to consider what drug quantity should be attributed to Chavez. After hearing all the testimony, the court found that Chavez was guilty of handling at least 100 kg of marijuana although Chavez had pled guilty to only 32 kg of marijuana. According to the court, this was a conservative estimate and did not take into consideration any of the cocaine in evidence. We find that the district court acted within its discretion when assessing the amount of drugs for which Chavez was responsible. Furthermore, after being given an opportunity to withdraw his guilty plea once it became apparent that the court's finding would result in a statutory mandatory minimum sentence of ten years, Chavez declined to withdraw his plea. Nor do we find that the district court erred by denying Chavez a base offense level reduction for acceptance of responsibility. Although the district judge was favorably impressed with the timeliness of Chavez's guilty plea, he found that Chavez had attempted to minimize both the quantity of drugs he was involved with and his role in the offense, and had therefore not proven his fundamental acceptance of responsibility. The court was within its discretion in so deciding.
 
 
 10
 Donna Schlicker alleges that the district court erred when it assessed a base offense level enhancement under U.S.S.G. Sec. 2D1.1(b) for possession of a dangerous weapon.[1] Donna Schlicker does not dispute that firearms may have been used as part of the offenses charged, nor does she dispute that firearms, marijuana, and other items related to the conspiracy were found in her garage. Instead, Donna Schlicker claims that the evidence was not sufficient to support a finding of actual or constructive possession or use of firearms in the drug trafficking activity. While we have some sympathy for Donna Schlicker's argument, any concerns we have are allayed by the fact that Donna Schlicker agreed to the Sec. 2D1.1(b) enhancement in her Rule 11 plea agreement. That plea agreement states: "The worksheets attached to this agreement represent the position of the parties on the factors to be considered in calculating the appropriate sentence range under the sentencing guidelines...." Worksheet "A" of Donna Schlicker's plea agreement clearly includes the two-level enhancement for use of a firearm pursuant to U.S.S.G. Sec. 2D1.1(b)(1). After having agreed to this plea agreement, Donna Schlicker cannot now be heard to complain that a two-level enhancement under Sec. 2D1.1(b) is improper. See United States v. Ashe, 47 F.3d 770, 775-76 (6th Cir.1995), petition for cert. filed, (No. 94-9835) (June 26, 1995).
 
 III.
 
 11
 For the foregoing reasons, we AFFIRM Walter Schlicker's conviction as well as the sentences of each of the defendant-appellants.
 
 
 
 [1]
 As Sec. 2D1.1(b) reads: "If a dangerous weapon (including a firearm) was possessed, increase by 2 levels."