**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Anthony VEGGACADO; Defendant–Appellant,**

**Seven Items of Jewelry Valued at $56,100.00, et al., Defendants.**

No. 01–3544.

United States Court of Appeals, Sixth Circuit.

June 14, 2002.

Anthony Veggacado, a federal prisoner proceeding pro se, appeals a district court order forfeiting certain items of jewelry to the government as drug trafficking proceeds pursuant to 21 U.S.C. § 881(a)(6). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Veggacado and his wife (codefendant Tolliver) pleaded guilty to conspiracy to possess with intent to distribute cocaine. Veggacado was sentenced in December 1999 to 70 months in prison. The government, meanwhile, filed a complaint in forfeiture, charging that the following items were subject to forfeiture as proceeds of drug trafficking: (1) seven items of jewel-

ry valued at $56,100; (2) seven items of jewelry valued at $22,115; (3) $16,140 in U.S. Currency; (4) $15,672 in U.S. Currency; (5) $5,900 in U.S. Currency; and (6) a Compaq Armada computer. The complaint further stated that Veggacado and Tolliver had no source of income other than drug trafficking and there was probable cause to believe that the listed items were subject to forfeiture.

Veggacado and Tolliver filed timely claims to the property and a jury trial was conducted on May 1–2, 2001, the results of which were reported in the district court's order entered on May 7, 2001. Immediately before the trial commenced, Tolliver and Veggacado agreed on the record that the government would return to Tolliver the $5,900 in U.S. Currency and a lady's diamond pendant. At the conclusion of the trial the jury found that two items (a lady's diamond ring and a man's gold bracelet) did not constitute drug trafficking proceeds. The jury could not reach a verdict as to two other items (a man's gold watch and a diamond-studded gold religious pendant) and the government agreed not to retry the case with respect to those items. All four of these items of jewelry were ordered to be returned to Veggacado. The jury found that the remaining items did constitute proceeds of drug trafficking and the district court ordered them forfeited to the United States.

On appeal, Veggacado argues that: (1) there was insufficient evidence to justify forfeiture of the nine remaining pieces of jewelry; and (2) the jury instructions were improper as they completely disregarded Veggacado's "innocent owner" defense theory, based upon his claim that the jewelry was inherited. Veggacado has moved to proceed in forma pauperis on appeal.

Upon review, we affirm the district court's order because the jury's verdict of forfeiture was based upon sufficient evi-

dence and Veggacado waived his right to raise his jury instruction issue on appeal.

This court affords "substantial deference" to jury verdicts. *Jewell v. CSX Transp., Inc.*, 135 F.3d 361, 366 (6th Cir. 1998). "In reviewing an appeal based on insufficiency of the evidence, we may neither weigh the evidence, pass on the credibility of the witnesses, nor substitute our judgment for that of the jury. Instead, we must view the evidence in the light most favorable to the appellee, drawing all reasonable inferences in its favor." *Id.* (internal quotation and citation omitted). The government bears the burden to establish, by a preponderance of the evidence, that the property is subject to forfeiture. *United States v. Real Prop. in Section 9, Town 29 North, Range 1 West Township of Charlton, Otsego County, Mich.*, 241 F.3d 796, 798 (6th Cir.2001).

The government has clearly met its burden of proof in this case. Direct evidence that each piece of jewelry was purchased with money traceable to the drug offense of conviction is not required. Instead, reasonable inferences may be drawn from the evidence presented to establish a nexus between the property and drug activity. The government presented evidence that Veggacado was arrested in possession of cocaine with a street value of $275,000 and marijuana with a street value of $44,000; that he had made other trips to obtain cocaine for sale; that he had not filed state income tax returns for the previous five years and thus had no apparent income other than from drug trafficking; that he lived affluently and leased a Mercedes Benz for $850 per month; that the pieces of jewelry ranged in value from $350 to $37,000; and that he had no bills of sale, evidence of insurance coverage, or probate documents to show any legitimate source for the property apart from his testimony that his mother left him the religious pen-

dant and that his wife had inherited some money. In addition, Veggacado did not deny that the cash subject to forfeiture represented proceeds from drug activity. A reasonable jury could thus infer from this evidence that the only income Veggacado had with which to purchase the items in question came from trafficking in drugs. Veggacado's challenge to the sufficiency of the evidence is without merit.

Veggacado also challenges on appeal the jury instructions, but affirmatively stated at trial that he had no objections to the jury instructions as delivered by the district court. Where a party fails to object to the jury instructions, this court will not address the question on appeal unless the error is obvious and prejudicial, in which case the court will consider it in the interests of justice. Fed.R.Civ.P. 51; *Young v. Langley*, 793 F.2d 792, 795 (6th Cir.1986). There is no obvious and prejudicial error in this case. In any event, Veggacado does not qualify as an "innocent owner" and did present evidence to support his theory that at least certain items of jewelry were his by inheritance or other means besides drug activity. This evidence was believed at least in part by the jury, which did not find a nexus between four pieces of jewelry and drug trafficking.

Accordingly, Veggacado's motion to proceed in forma pauperis is granted for the purpose of this review only. The district court's order, entered on May 7, 2001, is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.