**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-3578
_____

DARYL EUGENE CAMERON,
Appellant

v.

CARLA SWARTZ, Manager, E unit; STEVE CHRISTINI, Counselor, EA Unit; MS.
HUMBURT, Counselor, A B unit; MS. COWAN, Manager, A UNIT; SGT. GIBSON, 2-
10 Shift A Unit; SGT. BOWLIN, 2-10 E Unit, c/o Stickly EA Unit 2-10 p.m. Shift
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2:17-cv-00816)
District Judge:  Honorable Arthur J. Schwab
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 1, 2020

Before: KRAUSE, MATEY and COWEN, Circuit Judges

(Opinion filed: April 14, 2020)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Daryl Eugene Cameron, who is proceeding pro se and in forma pauperis, appeals

from an order of the United States District Court for the Western District of Pennsylvania

granting the defendants' motion for summary judgment in this civil rights case. For the

foregoing reasons, we will vacate and remand for further proceedings.

In July 2016, Cameron filed two prison grievances related to injuries that occurred

when he fell from a top bunk. (ECF 25-4; 25-7.) Those grievances were denied on initial

review, (ECF 25-5; 25-8), and on appeal to the Facility Manager, (ECF 25-6; 25-9.)

Cameron then attempted to appeal to the Secretary's Office of Inmate Grievances and

Appeals (SOIGA), but the SOIGA deemed the appeal "filed without further action"

because of procedural deficiencies. In particular, the SOIGA stated:

> Mr. Cameron, your intent is unclear by sending parts of the above numbered
> grievances to this office. You have nothing labeled as an appeal for either
> grievance and you fail to include all relevant documents for each grievance. Be
> advised that you must appeal each grievance separately. You are encouraged to
> review the policy for clarity. It appears that you have minimal time left to file a
> proper appeal to Final Review. Future correspondence regarding either
> grievance/issue may be filed without action or reply.

(ECF 25-10.) Cameron did not submit any additional material to the SOIGA.

In June 2017, Cameron filed a complaint, which he amended twice,[1] alleging that

prison officials were deliberately indifferent when they forced him to sleep in a top bunk

---

[1] A Magistrate Judge concluded that Cameron's original complaint did not "comply with
the Federal Rules of Civil Procedure," and directed him to file an amended complaint
that, inter alia, "provide[s] specific details of precisely how his civil rights were allegedly

2

and failed to provide adequate treatment for his injuries. The defendants filed a motion to dismiss, arguing that Cameron failed to exhaust his institutional remedies because he "has never filed a single grievance to final review." (ECF 34, p. 4); see Ray v. Kertes, 285 F.3d 287, 295 (3d Cir. 2002) (holding that exhaustion requirement in § 1997e(a) is an affirmative defense that may be waived or forfeited). Because that motion was supported by a prison grievance officer's affidavit, a Magistrate Judge treated the motion as seeking summary judgment and directed the defendants to provide Cameron "with all grievances and appeals or other similar documents in its possession concerning the alleged incident or incidents at issue in the Amended Complaint, *if they have not already done so*." (ECF 35, p. 2.) Thereafter, Cameron complained that the defendants "sent … the same documents he already possessed," but had not turned over copies of his appeal to the Facility Manager. (Dist. Ct. Doc. No. 36, p. 1-2). The defendants later supplied those administrative appeal documents, explaining that they were not included in the earlier production of grievance documents because they had been "inadvertently misplaced." (ECF 38, p. 2.)

---

violated." (ECF 13.) Cameron filed an amended complaint, alleging that the defendants violated his rights under the Eighth Amendment. (ECF 14.) The defendants filed a motion to dismiss, arguing that Cameron failed to sufficiently allege that the named defendants had personal involvement in the alleged constitutional violations. (ECF 19 & 20.) The District Court agreed, granted the motion to dismiss and declined to exercise supplemental jurisdiction over potential state law negligence claims, but permitted Cameron to file an amended pleading that cured the identified deficiencies. (ECF 23 & 24.) Thereafter, Cameron filed a second amended complaint, which is the subject of this appeal. (ECF 25.)

The Magistrate Judge recommended granting the defendants' motion, stating that Cameron "not only failed to include all relevant documents with his final appeal, but also failed to comply with [the requirements that inmates] "clearly label their appeals and appeal each grievance separately." (ECF 42, p. 7.) Over Cameron's objections, the District Court adopted the Report and Recommendation, granted the defendants' motion for summary judgment, and entered judgment in favor of the defendants. Cameron appealed.

We have jurisdiction under 28 U.S.C. § 1291, and exercise de novo review over the District Court's order granting summary judgment. See S.H. ex rel. Durrell v. Lower Merion Sch. Dist., 729 F.3d 248, 256 (3d Cir. 2013). Summary judgment is proper when, viewing the evidence in the light most favorable to the nonmoving party and drawing all inferences in favor of that party, there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Kaucher v. Cty. of Bucks, 455 F.3d 418, 422-23 (3d Cir. 2006).

Under the Prison Litigation Reform Act ("PLRA"), inmates must exhaust their administrative remedies before filing a suit alleging specific acts of unconstitutional conduct by prison officials. 42 U.S.C. § 1997e(a). "Proper exhaustion of administrative remedies is necessary" to satisfy the PLRA's exhaustion requirement. Woodford v. Ngo, 548 U.S. 81, 84 (2006). An untimely or otherwise procedurally defective administrative grievance or appeal does not satisfy the exhaustion requirement, thereby precluding an action in federal court. See id. at 84, 90-91; Spruill v. Gillis, 372 F.3d 218, 230 (3d Cir.

4

2004) (holding that the PLRA's exhaustion requirement contains a procedural default component). But if prison officials thwart a prisoner's ability to exhaust his administrative remedies, those remedies are not considered "available" within the meaning of § 1997e. See Ross v. Blake, 136 S. Ct. 1850, 1860 (2016) (stating that exhaustion is not required "true when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation."); Brown v. Croak, 312 F.3d 109, 113 (3d Cir. 2002). "[I]t is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." Jones v. Bock, 549 U.S. 199, 218 (2007).

The Pennsylvania Department of Corrections (DOC) requires three stages of review to exhaust administrative remedies, including an initial written grievance, an appeal to the Facility Manager, and a final written appeal to the Secretary's Office of Inmate Grievances and Appeals (SOIGA). See DC-ADM 804. As relevant here, DOC regulations provide that each appeal to final review must be clearly labeled as an appeal at the top of the document, id. at § II.B.1.e.1, and that only one grievance may be appealed on a piece of paper unless combined by the Facility Manager, id. at § II.B.1.e.8. In addition, "[a]n inmate appealing a grievance to final review is responsible for providing the SOIGA with all required documentation relevant to the appeal. A proper appeal to final review must include: (1) a legible copy of the Initial Grievance; (2) a copy of the initial review response/rejection and/or remanded initial review response/rejection; (3) a legible copy of the Inmate Appeal to the Facility Manager; (4) a

copy of the Facility Manager/designee's decision and/or remanded Facility Manager/designee's decision; (5) a written appeal to the SOIGA ….." Id. at § II.B.1.j (2015). "[F]ailure to provide any of the documentation noted above may result in the appeal being dismissed." Id. at § II.B.1.j.6.

The SOIGA offered several reasons for rejecting Cameron's administrative appeal, but none allow us to conclude that the appeal was procedurally defective. First, the SOIGA stated that Cameron's "intent is unclear" and faulted him for not labeling his submission as an appeal. See DC-ADM 804 § II.B.1.e.1. We cannot confirm this determination, however, because the record does not contain the material that Cameron submitted to the SOIGA. Appellees' Br., 10, n.4. In any event, though, the SOIGA must have concluded that Cameron intended to file an appeal, as it went on to explain why his appeal was defective.

Second, in stating that Cameron submitted only "parts of the above numbered grievances[,]" the SOIGA seemingly was referring to the fact that Cameron did not provide copies of his appeals to the Facility Manager. But Cameron alleged that the Facility Manager failed to respond to his request for copies of his appeals. That failure to respond thwarted his efforts to exhaust the grievance process. See Ross, 136 S. Ct. at 1860; Mitchell v. Horn, 318 F.3d 523, 529 (3d Cir. 2003) (suggesting that prison's failure to provide grievance forms may render administrative remedies unavailable). The Magistrate Judge suggested that Cameron should have requested an extension of time to

6

submit his final appeal. But Cameron suggested that he could not have obtained copies of the Facility Manager appeals within the "minimal time left."[2]

Finally, the SOIGA stated that Cameron "must appeal each grievance separately." See DC-ADM 804 § II.B.1.e.7. But, as noted above, the record does not indicate how Cameron presented his appeal to the SOIGA. If he attempted to appeal both grievances using one form, the SOIGA's invocation of § II.B.1.e.8 may have been appropriate. But if he simply enclosed two appeal forms in one envelope, perhaps to save on postage, then the SOIGA should not have faulted him for failing to appeal each grievance separately. The grievance officer's affidavit shed no light on the steps that Cameron took to exhaust his final grievance. Indeed, the officer stated only that a review of Cameron's grievance appeal records revealed that he "has not appealed a single grievance to the Secretary's Office for Final Review." (ECF 34-1, ¶ 11.) That statement is insufficient to demonstrate the absence of a genuine issue of material fact concerning whether Cameron's appeal to the SOIGA was procedurally defective. See Small v. Camden Cty., 728 F.3d 265, 271 (3d Cir. 2013) (stating that "[District] Court correctly placed the burden on Defendants to prove non-exhaustion").

In sum, we conclude that, on this record, the District Court erred in concluding that Cameron failed to exhaust his administrative remedies. The defendants urge us to

---

[2] It is notable that, even in response to the Magistrate Judge's discovery order, the defendants did not produce copies of Cameron's appeal to the Facility Manager. It was only after Cameron complained that the appeals were missing that the defendants contacted the prison, learned that the Facility Manager appeals "were inadvertently

affirm on the alternative grounds that Cameron did not sufficiently allege the personal involvement of each defendant and that his claim under the Americans with Disabilities Act (ADA) is not actionable against individual defendants. We decline to affirm on those bases, however, which are best addressed by the District Court in the first instance. See Acierno v. Mitchell, 6 F.3d 970, 974 (3d Cir. 1993) (stating that "we generally decline to address arguments for the first time on appeal"); Young v. Langley, 793 F.2d 792, 795 (6th Cir. 1986) (declining to reach merits of respondeat superior defense raised for the first time on appeal). We express no opinion on the merits of those issues.

For the foregoing reasons, we will vacate the District Court's judgment and remand for further proceedings consistent with this opinion.

---

misplaced," and produced them in discovery. (ECF 38, p. 2.)