86 F.3d 1156
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Eddie NEWSOME, Plaintiff-Appellant,
v.
Christine J. BRADLEY; Linda Dodson; Brad Smythe; Donal
Campbell; John Rees; Roscoe Clayton; Danny Scott; Billy
W. Compton; Jesse A. Bargery; Mark Wilson; Jon Allen;
Jeff Morris; Glenda Eades; Larry Malone; Charlene Foster;
Vicky Kirby; McCasland; Patrick Blake; Sheila Parson;
Walker; Herman; Marty Skelton; Paul R. McIntosh,
Defendants-Appellees.
 No. 95-5957.
 United States Court of Appeals, Sixth Circuit.
 May 17, 1996.
 
 1
 Before: SUHRHEINRICH and SILER, Circuit Judges; CARR, District Judge.*
 
 ORDER
 
 2
 This pro se Tennessee state prisoner appeals a district court judgment dismissing his civil rights case filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking monetary, injunctive and declaratory relief, Eddie L. Newsome sued 23 employees of the Tennessee Department of Corrections. Newsome claimed that: 1) the defendants violated his rights by not properly training their employees; 2) defendants violated his Eighth Amendment rights by not intervening when defendant Allen assaulted him; 3) the defendants violated his Eighth Amendment rights by not protecting him from the assault; 4) the defendants violated his Eighth Amendment right to adequate medical care; 5) defendant Wilson violated his right of access to the courts by refusing to allow him to meet with an inmate legal aide; 6) the defendants violated his due process rights by not investigating the alleged assault; 7) the defendants violated his due process rights by placing him in segregation without notice or an opportunity to be heard; 8) the defendants violated his due process rights by suspending his wife's visition privileges; 9) the defendnats did not follow TDOC policy during his disciplinary hearing; and 10) the defendants did not respond to his grievances.
 
 
 4
 The magistrate judge recommended that claims 1, 3, 4, 5, 6, and 10 be dismissed as frivolous and that process issue with respect to the remaining claims. Newsome did not object to the magistrate judge's report and recommendation. Thereafter, the remaining defendants (Allen, Wilson, Skelton, Rees, Morris, Malone, Foster, McIntosh, Smythe, and Parson) moved for summary judgment. Newsome did not file a response in opposition to the motion. Upon consideration of the defendants' motion for summary judgment, the magistrate judge recommended that summary judgment be denied to defendants Allen and Skelton on Newsome's claim that he was assaulted. The magistrate judge recommended that summary judgment be granted to defendants Wilson, McIntosh, Rees, Smythe, Morris, Malone, Foster, and Parson on Newsome's remaining claims. The magistrate judge recommended that the claims against defendant McCasland and Blake be dismissed without prejudice pursuant to Fed.R.Civ.P. 4(m). Newsome did not object to the magistrate judge's report and recommendation. The district court adopted the magistrate judge's recommendation on May 26, 1995.
 
 
 5
 The case went to trial and the jury returned a verdict in favor of defendant Skelton on all claims, but found in favor of Newsome against defendant Jon Allen. The jury awarded Newsome $75 in compensatory damages and $76 in punitive damages. Newsome appeals that judgment. In his timely appeal, Newsome argues that: 1) the district court erred by granting summary judgment in favor of defendants Wilson, McIntosh, Rees, Smythe, Morris, Malone, Foster, and Parson; and 2) the verdict was insufficient as a matter of law.
 
 
 6
 Initially, we note that Newsome does not argue on appeal that the district court erred by dismissing claims 1, 3, 4, 5, 6 and 10 as frivolous. Issues which were raised in the district court, yet not raised on appeal, are considered abandoned and not reviewable on appeal. Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 503 U.S. 939 (1992).
 
 
 7
 Newsome also waived his argument that the district court erred by granting summary judgment to eight of the defendants on May 25, 1995. A party who does not file timely objections to a magistrate judge's report and recommendation, after being advised to do so, waives his right to appeal. Thomas v. Arn, 474 U.S. 140, 155 (1985); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir.1981). Newsome was advised to file objections to the magistrate judge's report and recommendation that recommended granting summary judgment to eight of the defendants. Nonetheless, Newsome did not file objections. Thus, he has waived his right to appeal this adverse summary judgment.
 
 
 8
 Newsome's contention that the verdict was insufficient as a matter of law is also not reviewable. Newsome contends that the jury was prejudiced against him and that their feelings improperly affected the award of damages. In civil cases, a question concerning the inadequacy of a verdict will not be reviewed unless objection to the award was first presented to the trial court in a motion for new trial or otherwise in a post-judgment motion. Young v. Langley, 793 F.2d 792, 794-95 (6th Cir.), cert. denied, 479 U.S. 950 (1986). Newsome made no motion for a new trial or any post-judgment motion challenging the adequacy of the jury's award of damages. Since Newsome did not timely raise the inadequacy of the verdict issue, it is not now appropriate for review.
 
 
 9
 Accordingly, the district court's judgment is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable James G. Carr, United States District Judge for the Northern District of Ohio, sitting by designation