Edward SAUNDERS, Plaintiff-Appellee,

v.

CHATHAM COUNTY BOARD OF COMMISSIONERS, et al., Defendants-Appellants.

No. 83–8029.

United States Court of Appeals, Eleventh Circuit.

March 30, 1984.

Oliver R. Hunter, Asst. City Atty., Fred S. Clark, Savannah, Ga., for defendants-appellants.

Robert Ray, Jr., James Bass, Jr., Savannah, Ga., for plaintiff-appellee.

Before GODBOLD, Chief Judge, RONEY and KRAVITCH, Circuit Judges.

PER CURIAM:

The jury returned a verdict in favor of plaintiff, a prisoner in the Chatham County [Georgia] jail, and against the County Board of Commissioners for injuries suffered when he was beaten by another prisoner. The jury returned a verdict for plaintiff but assessed zero damages. The court instructed that this was not a valid verdict since it was undisputed that plaintiff was injured. The jury retired again and returned a verdict for $10,000 actual damages and $10,000 punitive damages. The court denied defendants' motion for a new trial but set aside the punitive damages. Defendants appeal.

There is clearly no merit to this appeal, and we affirm the judgment. Defendants urge that the evidence was insufficient to submit the case to the jury. Our scope of review of sufficiency of the evidence after denial of a motion for new trial asserting that ground is very narrow; the trial court's denial must have been an abuse of discretion. *Spurlin v. General Motors,* 528 F.2d 612, 620 (5th Cir.1976). There was no abuse here. Among the evidence was the following. There was evidence that jail officials knew of a violent pattern of behavior by the prisoner who attacked plaintiff and did not protect other prisoners against him or segregate him, either before or after the attack on plaintiff. There was evidence that the jail facilities were understaffed and with inadequate personnel to monitor inmate activity, and that the particular pod of the jail in which plaintiff was lodged was understaffed on the occasion when he was injured. Testimony was introduced tending to show that medical treatment of the plaintiff was unduly delayed. Other testimony permitted the jury to infer that the inadequacy in staff, monitorial capacity, and medical facilities was a result of underfunding by the Board of Commissioners.

Defendants present a long list of alleged errors in evidentiary rulings. In almost every instance there was no objection. Entering an objection to evidence is not primarily a matter of building a record for appeal or a tactical maneuver by counsel. Its principal purpose is that counsel bring to the attention of the trial judge evidence that counsel considers inadmissible or prejudicial so that, if there is an error involved, the court has a chance to correct it on the spot. Requiring an objection means that counsel cannot remain silent at trial and then contend that evidentiary rulings require reversal. We can, of course, review for "plain error" even though there is no objection, but there is no plain error here.

■ The court did not err in not instructing the jury, after it returned the zero verdict, that on further consideration it could award nominal damages. The court's previous instruction on damages adequately covered the subject, and no objection or request for additional instruction was made when the jury was told to consider further. The court's statements and instructions then made to the jury were neither incorrect nor objected to. In fact, part of the instruction then given was that if the jury decided not to award any damages it must return a verdict in favor of the defendants.

AFFIRMED.