The order of the district court is affirmed. Costs are awarded to appellee.

**Samuel E. HALEY, Jr., Appellant,**

**v.**

**Donald WYRICK, Warden and William Armontrout, Associate Warden, Missouri State Penitentiary, Appellees.**

No. 83–1414.

United States Court of Appeals, Eighth Circuit.

Submitted April 12, 1984.

Decided Aug. 7, 1984.

Rehearing and Rehearing En Banc Denied Oct. 12, 1984.

---

Jeffrey B. Rosen, Miller & Glynn, P.C., Kansas City, Mo., for appellant Samuel E. Haley, Jr.

John Ashcroft, Atty. Gen., Kelly Mescher, Asst. Atty. Gen., Jefferson City, Mo., for appellees.

Before ROSS, ARNOLD and FAGG, Circuit Judges.

ROSS, Circuit Judge.

This is an appeal from a jury verdict in which the plaintiff/appellant was awarded $1.00 in damages against each of the two defendants/appellees. The suit was filed pursuant to 42 U.S.C. § 1983. The appellant requests a new trial on the issue of damages. We affirm the judgment because the appellant has failed to preserve error.

1. The Honorable Scott O. Wright, United States District Judge for the Western District of Missouri, presided.

2. At oral argument counsel for the appellant stated that, according to his memory, the essence of this appeal had in fact been presented to the trial court during an in-chambers conference held after the jury requested an instruction regarding nominal damages. This court in-

The appellant, Samuel Haley, Jr., filed suit in district court[1] making a claim for relief on the basis of the following facts. The appellant is an inmate at the Missouri State Penitentiary. He was released into the general population after being held in either protective custody, or in the facilities of neighboring states, for almost two years. Five days after this release he was attacked and stabbed thirty-two times by three fellow inmates. The appellees were aware of the fact that the appellant would be in serious danger if released into the general population and gave him this information on several occasions. The appellant, at his own insistence, was nevertheless permitted to enter the general population.

Following the attack, he brought suit under 42 U.S.C. § 1983. The jury returned a verdict in the appellant's favor and awarded one dollar in damages. The appellant argues that this award is wholly insufficient and the matter must be remanded for a new trial on the issue of damages.

■ We do not reach the merits of this appeal because the appellant, by failing to include this issue in a motion for a new trial or otherwise present it to the trial court,[2] has waived his right. In the case of *Dewitt v. Brown*, 669 F.2d 516, 524 (8th Cir.1982) this court reaffirmed the already well-established standard which governs this issue.

[I]n our opinion, inadequacy or excessiveness of a verdict is basically, and should be, a matter for the trial court which has had the benefit of hearing the testimony and of observing the demeanor of the witnesses and which knows the community and its standards; that this is a responsibility which, for better working of

structed counsel to review the court reporter's notes and, if his memory was supported by the record, prepare a transcript for our consideration. Counsel for the appellant was unable to find any such support and we must conclude that the issue of nominal or insufficient damages was never submitted, in any fashion, to the trial court. This fact weighs heavily in our determination.

the judicial process and for other seemingly obvious reasons, is best placed upon its shoulders;

*Solomon Dehydrating Co. v. Guyton,* 294 F.2d 439, 447–48 (8th Cir.1961) (Blackmun, J.).

In implementing the above principle the *Dewitt* court stated:

In the absence of exceptional circumstances, not present in this case, the issue of the excessiveness of a jury verdict must be presented first to the District Court in a motion for a new trial in order to preserve the issue for appellate review.

*Dewitt, supra,* at 524.

 Inadequate verdicts are subject to the same procedural rules that govern excessive verdicts. *Taken Alive v. Litzau,* 551 F.2d 196, 198 (8th Cir.1977). In our opinion the award of nominal damages in this case, when considered in the context of all the evidence presented to the jury, is inadequate but is not monstrous or shocking. *Taken Alive, supra,* at 198. The record contains considerable evidence indicating that the appellant willingly encountered a known risk when he entered the general population. We cannot state that had this issue been preserved the verdict would have been upheld, but that is not the question. The district court is affirmed.