# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 96-3700
No. 96-3835

_____

Vicki Westcott, Administratrix                                          *
of the Estate of Arden Westcott,                                        *
                                    *
    Appellant - Cross Appellee,                                      *
                                    *   Appeals  from  the  United
States
    v.                                      *   District Court for the
                                    *   District of Nebraska.

Joseph C. Crinklaw; City of     *
Omaha, A Municipal Corporation,                                         *
                                    *
    Appellees - Cross Appellants.                                       *
_____

Submitted:  June 12,1997

Filed:  January
9, 1998
_____

Before  LOKEN,  REAVLEY,[1] and  JOHN  R.  GIBSON,  Circuit
    Judges.

_____

JOHN R. GIBSON, Circuit Judge.

_____

    [1]The Honorable Thomas M. Reavley, United States Senior Circuit Judge for
the Fifth Circuit, sitting by designation.

We now consider Vicki Westcott's third appeal in her civil rights action against the City of Omaha and Joseph Crinklaw. Crinklaw, an Omaha police officer, shot and killed Vicki Westcott's husband, Arden Westcott, during an attempted burglary. We reversed the first jury verdict for Crinklaw because of errors in admitting evidence. The jury in the second trial returned a verdict for Westcott, but only awarded one dollar in damages. Westcott now appeals, arguing that a new trial on damages is warranted because the district court failed to properly instruct the jury on damages and because the one dollar damage award is inadequate as a matter of law. She also appeals the district court's failure to award her attorneys' fees and the dismissal of the City of Omaha as a defendant. We conclude that the district court committed plain error in instructing the jury on nominal damages, and the dollar award is inadequate as a matter of law. Accordingly, we reverse the judgment and remand for a new trial.

The facts of this case are set forth in our previous opinions.[2] Because of the limited issues in this appeal, it is unnecessary that we repeat them here.

**I.**

Westcott contends that she is entitled to a new trial on damages because of the district court's jury instructions. First, she argues that the district court failed to instruct the jury to consider loss of consortium damages suffered by herself and her two children. Second, she argues that the district court erred in not instructing the jury on hedonic damages.

---

[2]See Westcott v. City of Omaha, 901 F.2d 1486 (8th Cir. 1990); Westcott v. Crinklaw, 68 F.3d 1073 (8th Cir. 1995).

Westcott's argument about the ability of survivors to recover for their own loss of consortium in a section 1983 action is beside the point. See Frey v. City of Herculaneum, 44 F.3d 667, 670-71 (8th Cir. 1995) (discussing father's ability to

recover under section 1983 for death of his son); cf. Berry v. City of Muskogee, 900 F.2d 1489, 1506-07 (10th Cir. 1990) (survivors not entitled to loss of consortium damages because section 1983 creates a federal remedy only for the party injured).  Westcott's characterization of her suit as a wrongful death action is not supported by the record.  Although Westcott's amended complaint seeks damages on behalf of Arden Westcott's estate and on "her own behalf," the record makes clear that Westcott sued as the personal representative of Arden Westcott's estate to recover damages for the deprivation of Arden Westcott's constitutional rights.  Westcott did not bring a pendant state law claim for wrongful death,[3] or separate claims for the deprivation of her or her children's constitutional rights.  In addition, the loss of consortium damages set forth in the pretrial order include only those suffered by Arden Westcott, and the court emphasized during trial that "this is not a wrongful death action."  This was not pleaded or tried as a wrongful death action, and the court did not err in refusing to instruct on loss of consortium damages.

Likewise, there is no error in the court's failure to specifically instruct the jury on recovering for hedonic damages (damages arising solely from Arden Westcott's loss off the enjoyment of his life).  See *Black's Law Dictionary*, 391 (6th ed. 1990).

Relying on Nebraska law, the district court refused to instruct the jury that Arden Westcott's estate could be awarded hedonic damages.  The

---

[3]The city contends that such a suit would have been barred by Nebraska's two-year statute of limitations.  See Neb. Rev. Stat. § 30-810 (Reissue 1995).

district court concluded that Nebraska does not allow a separate instruction on hedonic damages, relying on Nebraska law which says that hedonic damages are not a distinct category of damages but are merely a component of pain and suffering and of disability.  See Anderson v. Nebraska Dep't of Social Services, 538 N.W.2d 732, 739-41 (Neb. 1995).

Westcott argues that the court erred in relying on Anderson because that case

was not a wrongful death action.  Westcott further argues that even if <u>Anderson</u> applied, the court should not have relied on it because the case is inconsistent with the deterrent policies of section 1983.  <u>See</u> <u>Hankins v. Finnel</u>, 964 F.2d 853, 861 (8th Cir. 1992) (in section 1983 cases, state law will be applied only to the extent it is not inconsistent with federal law).  Westcott cites several cases which allow recovery for loss of life damages despite a state law prohibiting such damages.  <u>See</u>, <u>e.g.</u>, <u>Bell v. City of Milwaukee</u>, 746 F.2d 1205, 1238-39 (7th Cir. 1984) (refusing to apply Wisconsin statute that precluded damages to an estate for loss of life and punitive damages); <u>Graham v. Sauk Prairie Police Comm'n</u>, 915 F.2d 1085, 1104-06 (7th Cir. 1990) (upholding an award of damages for loss of life).

In <u>Anderson</u>, the Nebraska Supreme Court considered whether the loss of the enjoyment of life is a separate and distinct category of damages.  538 N.W.2d at 739-41.  The court concluded that although the loss of enjoyment of life may be considered as it relates to pain and suffering and disability, it is improper to treat it as a separate category of nonpecuniary damages.  <u>Id.</u> at 741.  The court reasoned that a separate award for loss of life damages would not make a damage award more accurate, and would likely result in a duplication of damages.  <u>Id.</u>

The distinction Westcott creates between a case involving an injury and a death is superficial.  Like a personal injury action, Westcott's estate sought to recover damages for the loss of enjoyment of life.  Indeed, the district court did not prohibit Westcott's estate from recovering damages for loss of life, the court only refused a separate jury instruction providing for such damages.  <u>See</u> <u>Bell</u>, 746 F.2d at 1235-36, 1240.  The

court instructed the jury to compensate the estate the amount of money "that will fairly and justly compensate the plaintiff . . . for any loss sustained by Arden Westcott. . . ." (Emphasis added). In calculating damages, the court instructed the jury to consider as elements of damages: physical pain and suffering; medical and funeral expenses; lost earnings; and loss of consortium. Included in Westcott's request to the jury for damages was the suggestion that the jury should award Westcott $200,000,

quantifying the loss "for a man to live another 50 years."
We therefore conclude that the court did not err in
refusing to specifically instruct the jury on loss of life
damages.

## II.

Westcott next argues that the district court committed
reversible error in giving the one dollar nominal damage
instruction.[4] Along similar lines, Westcott contends that
the one dollar damage award is inadequate as a matter of
law.

In general, there are three situations in which a jury
may reasonably conclude that compensatory damages are
inappropriate despite a finding that excessive force was
used. First, when there is evidence that both justifiable
and unjustifiable force might have been used and the
injury may have resulted from the use of justifiable
force. See, e.g., Gibeau v. Nellis, 18 F.3d 107, 110 (2d
Cir. 1994). Second, when the plaintiff's evidence
concerning injury is not credible. See, e.g., Butler v.
Dowd, 979 F.2d 661, 669 (8th Cir. 1992) (en banc). Third,
when the plaintiff's injuries have no monetary value or
are insufficient to justify with reasonable certainty.
See, e.g., Briggs v. Marshall, 93 F.3d 355, 360 (7th Cir.
1996). If, however, it is clear from the undisputed
evidence that a plaintiff's injuries were caused by a
defendant's excessive use of force, then the jury's
failure to award some compensatory damages should be set
aside and a new trial ordered. See Haywood v. Koehler, 78
F.3d 101, 104 (2d Cir. 1996).

---

[4]The court instructed: "If you find for the plaintiff, but find that the loss
resulting from Arden Westcott's death has no monetary value, then you must return
a verdict for the plaintiff in the nominal amount of One Dollar ($1.00)."

The Eleventh Circuit considered circumstances analogous to those here in <u>Saunders v. Chatham County Board of Commissioners</u>, 728 F.2d 1367 (11th Cir. 1984). The jury returned a verdict for a prisoner for injuries the prisoner sustained when he was beaten by another prisoner, but assessed no damages. <u>Id.</u> at 1368. The

district court instructed the jury that it was not a valid verdict since it was undisputed that the prisoner was injured. Id. The jury then awarded $10,000, and the county appealed arguing that the court should have given a nominal damage instruction. Id. The Eleventh Circuit disagreed, concluding that the court correctly instructed the jury. Id. at 1369.

Other courts have also held that an instruction on nominal damages is only appropriate to vindicate constitutional rights whose deprivation has not caused an actual, provable injury. See Stachniak v. Hayes, 989 F.2d 914, 923 (7th Cir. 1993) (citation and quotation omitted). Accord Briggs, 93 F.3d at 359-60 (nominal damage instruction inappropriate when there is no dispute as to whether plaintiff suffered a provable injury); Wheatley v. Beetar, 637 F.2d 863, 865-66 (2d Cir. 1980) (trial court erred in instructing the jury on nominal damages when there was proof of actual injury).

It is undisputed that Westcott received fatal injuries, and the parties stipulated to funeral expenses of $3,262.64. There was no issue of injury, and the court therefore erred in instructing the jury on nominal damages. See Briggs, 93 F.2d at 359-60; Saunders, 728 F.2d at 1369; Wheatley, 637 F.2d at 865-66.

Nevertheless, Westcott failed to properly object to the instruction. Westcott contends that she objected to the nominal damage instruction "albeit in a roundabout way." During the instruction conference, the court asked for any objections to the nominal damage instruction and the following exchange occurred:

[Attorney]: I want to put a couple more zeroes after

that.

     The Court:  Yeah.
     [Attorney]:  I'll go for two zeroes.

     The Court:  Well, what, 1.000 or what?

        [Attorney]:  That's okay.

        The Court:  Okay.
        [Attorney]:  No objection.

    Rule 51 of the Federal Rules of Civil Procedure
provides that error cannot be based upon the giving of an
instruction to which the complaining party has not
properly objected.  The rule requires specific objections
before the jury retires so that the district court may
correct errors and avoid the need for a new trial.
"Objections must 'bring into focus the precise nature of
the alleged error.'"  Jones Truck Lines, Inc. v. Full
Service Leasing Corp., 83 F.3d 253, 256-57 (8th Cir. 1996)
(quoting Palmer v. Hoffman, 318 U.S. 109, 119 (1943)).
Even tendering an alternative instruction without
objecting to some specific error in the trial court's
charge or explaining why the proffered instruction more
accurately states the law does not preserve the error for
appeal.  See id.

    Westcott's "roundabout" objection did not preserve the
error for review on appeal, and our review is thus limited
to whether there was plain error.  Rush v. Smith, 56 F.3d
918, 922 (8th Cir. 1995) (en banc).  Under this standard,
reversal is warranted "only if the error prejudices the
substantial rights of a party and would result in a
miscarriage of justice if left uncorrected."  Id.  The
error must seriously affect the fairness, integrity or
public reputation of judicial proceedings to constitute
plain error.  See Caviness v. Nucor-Yamato Steel Co., 105
F.3d 1216, 1220 (8th Cir. 1997) (jury instruction
constituted plain error).

    The court erred in instructing the jury on nominal

-12-

damages.  The evidence conclusively established that Westcott suffered fatal injuries and sustained actual damage of, at least, the amount of stipulated funeral expenses.  The law is clear that a nominal damage instruction is not appropriate when there is proof of actual injury.  The error, therefore, is plain.  We will not correct a plain error, however, unless it

prejudiced Westcott, either specifically or presumptively. <u>Caviness</u>, 105 F.3d at 1220.

Westcott's argument that the one dollar damage award is inadequate as a matter of law is subject to a similar inquiry because she failed to raise the adequacy of the jury verdict in her motion for a new trial. Absent exceptional circumstances, the adequacy of a jury verdict must first be presented to the trial court in a motion for a new trial in order to preserve the issue for review. <u>Sanders v. Brewer</u>, 972 F.2d 920, 923 (8th Cir. 1992). Exceptional circumstances exist when there is a "plain injustice," or a "monstrous" or "shocking" result. <u>Id.</u> (quoting <u>Taken Alive v. Litzau</u>, 551 F.2d 196, 198-99 (8th Cir. 1977)). Westcott characterizes an award of one dollar for the taking of a life as a plain injustice.

We have affirmed nominal damage awards even when there has been evidence of serious injury. For example, in <u>Butler</u>, we rejected four inmates' claims that the jury's award of nominal damages was inadequate as a matter of law. 979 F.2d at 669. In that case, the inmates brought a section 1983 suit against prison officials after they were homosexually raped while in prison. <u>Id.</u> at 663. The jury returned a verdict for the inmates, but awarded them only one dollar in nominal damages. <u>Id.</u> at 669. We held that the jury's award of nominal damages was not inadequate as a matter of law. <u>Id.</u> Citing <u>Carey v. Piphus</u>, 435 U.S. 247, 263 (1978), we reasoned that the jury could have awarded nominal damages because it concluded that the inmates' actions, not the actions of the prison officials, were the cause in fact of most of the inmates' injuries, and because the inmates failed to produce at trial objective medical evidence supporting their injuries. <u>Id.</u> In <u>Sanders</u>, we held the nominal damage award "troubling," but not a "plain injustice."

-14-

972 F.2d at 923.  In that case, an inmate was beaten by other prisoners and suffered a broken jaw.  Id. at 922. We have upheld other verdicts where the jury has found liability but awarded zero or nominal damages.  See, e.g., Warren v. Fanning, 950 F.2d 1370, 1374 (8th Cir. 1991); Williams v. Mensey, 785 F.2d  631, 639 (8th Cir. 1986).

In Haley v. Wyrick, 740 F.2d 12 (8th Cir. 1984), we also held that a one dollar damage award was not a monstrous or shocking result. Id. at 14. In that case, an inmate was stabbed thirty-two times five days after prison officials released him from protective custody into the general prison population. Id. at 13. The jury returned a verdict for the inmate, awarding one dollar in damages. Id. Although we believed that the award of nominal damages was inadequate, we concluded that in the absence of a motion for a new trial, the award did not require reversal. Id. at 14. We were influenced by evidence in the record that the inmate willingly encountered a known risk when he entered the general population. Id.

The City contends that the nominal damage instruction was not prejudicial and the award is not a "monstrous" or "shocking" result. The City contends that the evidence supports a jury finding that Westcott's injury had no monetary value. The City explains that if the police would have arrested Westcott for the attempted burglary, his earning power and personal relations would have suffered dramatically. The City contends that "[t]he jury may well have believed Westcott's choice to engage in criminal acts would not only end his rosy economic future but end any companionship and society described by his wife." Although the City stipulated as to the amount of funeral expenses, the City argues that the jury reasonably decided not to compensate Westcott for these expenses, "[g]iven the inevitability of death and funeral expenses for all persons."

It is beyond question that if Westcott would have been arrested, his personal and financial situation would suffer. It is hard to imagine, however, that his arrest

-16-

would have reduced his lifetime earning capacity to nothing.  Indeed, there was evidence that Westcott, a twenty-five year old first-time offender, would probably have received probation and would not have lost his job. The evidence also showed that the sentence for attempted burglary is from zero to twenty years.

The jury finding of excessive force and the evidence of injury cannot be

reconciled with the damage award.  This is not a case in which the jury could have denied compensatory damages because there was evidence of both justifiable and excessive force, see Haywood, 78 F.3d at 105, or uncertainty as to the fact or extent of Westcott's injury. See Butler, 979 F.2d at 669; see also Cowans v. Wyrick, 862 F.2d 697, 700 (8th Cir. 1989).  Further, given the uncontested evidence of fatal injury and stipulation of some actual damages, the nominal damage instruction directly conflicts with other instructions given by the court.  Instruction Number 17 stated that the jury must find for plaintiff if: "Crinklaw shot and killed Arden Westcott;" if  "Crinklaw's use of force in shooting Arden Westcott was, under the circumstances, excessive because the particular force was not reasonably necessary for the purpose of protecting Officer Crinklaw from serious physical injury," and if "Arden Westcott suffered damages as a direct result of Officer Crinklaw's action."  The court also instructed the jury that if any of these elements had not been proven by the preponderance of the evidence, then its verdict must be for defendant.  The verdict finding for Westcott establishes that the jury made positive findings on those elements outlined in instruction number 17.  We are unable to reconcile the nominal damage award with these jury findings.

For those reasons, we have no doubt that Westcott was prejudiced by the court's instruction on nominal damages. The award of one dollar in light of the jury finding that excessive force was used and evidence of injury amounts to a plain injustice or a shocking or monstrous result.

**III.**

In light of our disposition above, we need not address

Westcott's argument concerning the district court's refusal to award attorneys' fees and dismissal of the City.

We reverse and remand the case for a new trial.[5]

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[5]Although Westcott requests a new trial on the issue of damages alone, we are persuaded there should be a new trial on liability and damages because the issues are so factually intertwined.  See Caviness, 105 F.3d at 1221.