*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
File Name: 07a0148p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

CATHIE ALLISON, DEBBIE CONLIN, MELISSA
GRANGER, EVETTE CHAVEZ, SUSAN PAVICK,
MELISSA DEL RIO and AMANDA MEAD,
　　　　　　　　　　　*Plaintiffs-Appellees,*

　　　　*v.*

CITY OF EAST LANSING,
　　　　　　　　　　　*Defendant-Appellant.*

No. 06-1173

> Appeal from the United States District Court
> for the Western District of Michigan at Lansing.
> No. 03-00156—Robert Holmes Bell, Chief District Judge.

Argued:  December 7, 2006

Decided and Filed:  April 27, 2007

Before:  SILER, MOORE, and GILMAN, Circuit Judges.

_____

## COUNSEL

**ARGUED:**  Mary Massaron Ross, PLUNKETT & COONEY, Detroit, Michigan, for Appellant.
Jeffrey P. Ray, East Lansing, Michigan, for Appellees.  **ON BRIEF:**  Mary Massaron Ross,
PLUNKETT & COONEY, Detroit, Michigan, for Appellant.  Jeffrey P. Ray, East Lansing,
Michigan, for Appellees.

_____

## OPINION

_____

　　　SILER, Circuit Judge.  Seven Michigan State University ("MSU") employees ("Plaintiffs")
sued the City of East Lansing ("City") under 42 U.S.C. § 1983 for Fourth Amendment violations
that occurred during the East Lansing Fire Department's ("ELFD") response to a possible anthrax
contamination at MSU.  Following a jury trial, a verdict was returned in favor of the Plaintiffs.  On
appeal, the City asks us to overturn the jury verdict and grant judgment in its favor as a matter of
law.  Because the City failed to preserve its sufficiency-of-the-evidence challenge, we dismiss.

## I.

　　　In October 2001, MSU employees working at Linton Hall received a suspicious-looking
envelope and contacted the ELFD.  Given the possibility of an anthrax contamination and the

ELFD's mistaken belief that a white powder was found inside the letter, the ELFD implemented its Hazardous Material ("HAZMAT") wet-decontamination process ("wet-decon"). The ELFD set up the wet-decon on-site in a hallway inside Linton Hall. Though the ELFD received information that the powder was not anthrax, it nonetheless decided to go forward with the wet-decon. The Plaintiffs (all women) were disrobed, scrubbed, and rinsed at different stations by men in HAZMAT suits. While some steps were taken to ensure patient "modesty," the Plaintiffs' privacy concerns went largely ignored. Following the wet-decon, which lasted approximately one hour, the Plaintiffs were transported to a nearby hospital where it was determined that they had not been exposed to anthrax or any other chemical or bacteria. A later investigation revealed that the suspicious letter was a request under the Michigan Freedom of Information Act by the organization Stop Animal Exploitation Now and did not contain any trace of anthrax.

During the jury trial, the City moved for judgment as a matter of law following the Plaintiff's case-in-chief, pursuant to FED. R. CIV. P. Rule 50(a). The district court denied the motion. Following the conclusion of the trial, the jury returned a verdict in favor of the Plaintiffs. The City did not renew its motion for judgment as a matter of law either at the conclusion of all the evidence or following the verdict pursuant to Rule 50(b).

## II.

The City claims that the evidence does not support the municipal liability findings of the jury. Because the City did not preserve this issue for appeal, we need not reach the merits.

We have previously held that where a party fails to renew its Rule 50(a) motion following the jury verdict per Rule 50(b), the motion is not properly preserved for appeal. *See Young v. Langley*, 793 F.2d 792, 794 (6th Cir. 1986). However, the issue is clouded in this case by a procedural irregularity–the Plaintiffs on appeal did not raise the City's failure to renew the motion for judgment as a matter of law. In *Comstock v. McCrary*, 142 F. App'x 242, 244 (6th Cir. 2005) (unpublished), we held, relying on *Norton v. Sam's Club*, 145 F.3d 114, 118 (2d Cir. 1998), that where the appellee's brief failed to mention the appellant's failure to make a post-verdict motion for judgment as a matter of law, the argument was deemed waived. *See Comstock*, 142 F. App'x at 244. However, key to our determination that the right to object to a failure to renew a motion for judgment as a matter of law could be waived was that "making a renewed motion is not jurisdictional." *Id.* In light of the Supreme Court's recent decision in *Unitherm Food Systems, Inc. v. Swift-Eckrich, Inc.*, 546 U.S. 394, 126 S. Ct. 980 (2006), we find it appropriate to reconsider the rule of law on which *Comstock* relied.

In *Unitherm Food*, the Court held that where an appellant fails to renew his pre-verdict Rule 50(a) motion following the jury verdict pursuant to Rule 50(b), "there [is] no basis for review of [appellant's] sufficiency[-]of[-]the[-]evidence challenge in the Court of Appeals." 546 U.S. at _, 126 S. Ct. at 989. The Court further stated that "the Court of Appeals was [] powerless[]" in its discretion to grant even a new trial absent a post-verdict motion pursuant to either Rule 50(b) or Rule 59(b). *Id.* at 988. Given *Unitherm Food's* holding, it is now clear that renewing the motion post-verdict is jurisdictional and cannot be waived. *See Hodges v. Mack Trucks, Inc.*, 474 F.3d 188, 195 (5th Cir. 2006) (noting that an "appellate court *cannot* review JML claim unless JML was requested both pre- and post-trial") (emphasis added) (citing *Unitherm Food*); *Pearson v. Welborn*, 471 F.3d 732, 738 (7th Cir. 2006) (explaining that appellate courts are deprived of the opportunity to consider challenges to the sufficiency of the evidence where a party fails to renew the motion for judgment as a matter of law after the verdict) (citing *Unitherm Food*); *Hi Ltd. P'ship v. Winghouse of Fla., Inc.*, 451 F.3d 1300, 1301 (11th Cir. 2006) (holding that whatever the merits of the sufficiency-of-the-evidence challenge, the court "had no authority" to consider the motion absent an appropriate post-verdict motion in the district court) (citing *Unitherm Food*).

Because the City failed to move for judgment as a matter of law post-verdict as required by Rule 50(b), we are without jurisdiction to consider the merits of the City's claim. Therefore, the Plaintiffs' failure to raise this procedural shortcoming by the City in their brief to this court is without consequence.[1] Accordingly, we have no authority to consider this issue on appeal from the judgment.

**DISMISSED.**

---

[1] Our application of Rule 50(b) to the instant case is not impermissibly retroactive. The City was on notice after *Young* that we had the discretion to dismiss a sufficiency-of-the-evidence challenge for failure to preserve the claim post-verdict. *See Young*, 793 F.2d at 794.