# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-1096

_____

Equal Employment           *
Opportunity Commission,        *
                                     *
            Appellee,         *
                                     *   Appeal from the United States
    v.                                *   District Court for the
                                     *   Eastern District of Arkansas.
Southwestern Bell Telephone, L.P.,    *
doing business as AT&T Southwest    *
and SBC Communications,       *
                                     *
            Appellant.        *

_____

Submitted: October 16, 2008
Filed: December 19, 2008

_____

Before GRUENDER, BEAM and SHEPHERD, Circuit Judges.

_____

GRUENDER, Circuit Judge.

       The Equal Employment Opportunity Commission ("EEOC") filed suit against Southwestern Bell Telephone, L.P., doing business as AT&T Southwest and SBC Communications ("AT&T"), for terminating the employment of Jose Gonzalez and Glenn Owen in violation of Title VII. AT&T filed a motion for summary judgment,

which the district court[1] denied. After the EEOC presented its evidence at trial, AT&T filed a motion for judgment as a matter of law under Federal Rule of Civil Procedure 50(a), which the district court also denied. AT&T renewed the Rule 50(a) motion at the end of its presentation of evidence. The jury returned a verdict in favor of the EEOC. AT&T failed to renew its motion for judgment as a matter of law after the entry of judgment pursuant to Rule 50(b). AT&T appeals the denial of its motion for summary judgment and its Rule 50(a) motion for judgment as a matter of law. We conclude that we cannot consider the merits of AT&T's appeal.

## I. BACKGROUND

Gonzalez and Owen are Jehovah's Witnesses who were employed by AT&T as customer service technicians ("CSTs"). CSTs install new telephone and high-speed internet lines and respond to customer complaints about telephone outages. Under the collective bargaining agreement, AT&T assigns vacation time by seniority and allows it only if the workload permits. While Jehovah's Witnesses do not celebrate holidays, every year they hold three-day conventions throughout the country. Jehovah's Witnesses are encouraged to attend the convention with their congregations, but no one takes attendance and no doctrine requires attendance.

After the CSTs signed up for vacation time for the 2005 calendar year, Gonzalez and Owen learned that their convention would be held Friday, July 15, through Sunday, July 17. Their supervisor allowed them to switch workdays with other CSTs so that they could both attend the convention on Saturday, July 16, but both were still scheduled to work on Friday, July 15. After many discussions, their supervisor continued to refuse to allow Gonzalez and Owen to take a vacation day on July 15 and ultimately issued a "work directive" ordering them to report to work on

---

[1]The Honorable J. Leon Holmes, Chief Judge, United States District Court for the Eastern District of Arkansas.

July 15. Gonzalez and Owen failed to report to work on July 15 because they were attending the conference, and AT&T ultimately fired them for "misconduct; job abandonment; insubordination; and failure to follow a work directive."

Gonzalez and Owen filed charges of discrimination with the EEOC alleging that AT&T terminated their employment in violation of 42 U.S.C. § 2000e-2(a), which prohibits an employer from "discharg[ing] any individual . . . because of such individual's . . . religion." The EEOC investigated the charges and found probable cause that AT&T failed to reasonably accommodate Gonzalez and Owen's religious beliefs. The EEOC then filed this suit on behalf of Gonzalez and Owen, claiming that AT&T engaged in unlawful employment practices by denying them a reasonable accommodation of their sincerely held religious beliefs and terminating their employment because of their religious beliefs. The EEOC sought a permanent injunction enjoining AT&T from violating Title VII, as well as reinstatement, back pay, front pay and compensatory damages for Gonzalez and Owen.

AT&T moved for summary judgment, arguing that, as a matter of law, Gonzalez and Owen's absence from work on July 15 caused AT&T an undue hardship, and, therefore, allowing them to take a vacation day was not a reasonable accommodation. Because Gonzalez and Owen were not at work, AT&T had to "close the clock," or stop scheduling maintenance and repairs for the same day, at 10:00 a.m., long before the preferred 2:00 p.m. closing time, and it also had to pay extra overtime to the employees working that day. The district court denied AT&T's motion for summary judgment, declaring that AT&T "failed to show that there is no genuine issue of material fact as to whether accommodating Owen's and Gonzalez's religious beliefs would have caused it to suffer more than a de minimis hardship." The case proceeded to trial.

At the close of the EEOC's evidence, AT&T moved for judgment as a matter of law under Rule 50(a), claiming that it was entitled to judgment in its favor on the

issue of undue hardship and relying on the same argument that it made in its motion for summary judgment. The district court rejected AT&T's argument, concluding that it had "already ruled on that on summary judgment, and [it was] going to stick with the ruling [it] made on the summary judgment." In the alternative, AT&T argued that no reasonable jury could conclude that Gonzalez and Owen mitigated their damages. The district court also rejected this argument. Finally, AT&T argued that Gonzalez and Owen did not have a sincerely held religious belief that required attendance at the conference on July 15. The district court rejected that argument as well and denied AT&T's Rule 50(a) motion. At the end of AT&T's presentation of evidence, before the case went to the jury, AT&T renewed its motion for judgment as a matter of law, saying "I would assume since we recently discussed those, the Court doesn't want to hear me reiterate those [arguments]." The district court denied AT&T's motion saying:

> I don't want to hear any more argument on it. We did discuss it recently and I remember very vividly all of your arguments, and, for the most part, they're things that we studied fairly recently in the motion for summary judgment. So for my purposes, I don't need them, and I don't think you need to do that to preserve your record. I think it's as well preserved as it can be. And I'm denying your motion again.

The jury found in favor of the EEOC, awarding Gonzalez $396,000 and Owen $390,000 in damages based on their lost wages, benefits and compensatory damages. The district court then ordered AT&T to reinstate Gonzalez and Owen and awarded them front pay until the date of reinstatement. AT&T failed to renew its motion for judgment as a matter of law under Rule 50(b) within ten days of the entry of judgment.

AT&T now appeals the denials of its motion for summary judgment and its Rule 50(a) motion for judgment as a matter of law. AT&T argues that, as a matter of law, Gonzalez and Owen did not hold a sincere religious belief requiring attendance

at the conference on July 15-17, that the award of back pay and front pay should be reversed based on Gonzalez and Owen's failure to mitigate their damages, and that the accommodation of allowing Gonzalez and Owen to take a vacation day constituted an undue burden. The EEOC, however, argues that we cannot consider AT&T's arguments on appeal because AT&T failed to renew its motion for judgment as a matter of law after the entry of judgment pursuant to Rule 50(b).

## II. DISCUSSION

AT&T first appeals the district court's denial of its motion for summary judgment. We will not review a district court's denial of a motion for summary judgment after a trial on the merits. *See Eaddy v. Yancey*, 317 F.3d 914, 916 (8th Cir. 2003) ("Even a cursory review of precedent in this Circuit reveals that we do not review a denial of a summary judgment motion after a full trial on the merits."); *see also Metro. Life Ins. Co. v. Golden Triangle*, 121 F.3d 351, 354 (8th Cir. 1997) ("[W]e are unable to review the denied summary judgment motion because Met Life had a full and fair opportunity to litigate its position before a jury."). Therefore, because the parties had a full trial on the merits, we will not review the district court's decision to deny AT&T's motion for summary judgment.

AT&T next appeals the denials of its motion for judgment as a matter or law made at the close of the EEOC's case-in-chief and renewed prior to submitting the case to the jury. Rule 50(a)(1) states:

> [i]f a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may: (A) resolve the issue against the party; and (B) grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue.

According to Rule 50(b), if the district court does not grant the motion for judgment as a matter of law under Rule 50(a):

> the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion. No later than 10 days after the entry of judgment . . . the movant may file a renewed motion for judgment as a matter of law . . . .

It is undisputed that AT&T never filed a renewed motion for judgment as a matter of law after the entry of judgment pursuant to Rule 50(b). The Supreme Court has held that when a party fails to file a motion under Rule 50(b), "there [is] no basis for review of [the party's] sufficiency of the evidence challenge in the Court of Appeals." *Unitherm Food Sys., Inc. v. Swift-Eckrich, Inc.*, 546 U.S. 394, 407 (2006).

In *Unitherm*, Unitherm filed suit against Swift-Eckrich, doing business as ConAgra, regarding a ConAgra patent. *Id*. at 397. Before the case was submitted to the jury, ConAgra filed a Rule 50(a) motion, arguing the evidence was insufficient, which the district court denied. *Id*. at 398. The jury returned a verdict in favor of Unitherm, and ConAgra failed to renew its motion for judgment as a matter of law under Rule 50(b) after the entry of judgment. *Id*. On appeal, ConAgra argued that there was insufficient evidence to sustain the jury's verdict. *Id*. The Supreme Court concluded that because ConAgra failed to file a Rule 50(b) motion, "there was no basis for review of [the] sufficiency of the evidence challenge in the Court of Appeals." *Id*. at 407.[2]

_____

[2]Although the Court in *Unitherm* did not explicitly hold that courts of appeals lack jurisdiction based on a party's failure to renew its motion for judgment as a matter of law under Rule 50(b), several courts of appeals have considered the issue. The First Circuit has observed that "[t]he *Unitherm* dissenters suggest that this holding establishes that courts of appeals lack subject-matter jurisdiction over unrenewed sufficiency [of the evidence] challenges in civil cases. There are legitimate questions

The procedural posture of *Unitherm* is virtually identical to that presented here. However, AT&T emphasizes that *Unitherm* only precludes our review of sufficiency of the evidence challenges. On appeal, AT&T raises the same three arguments for judgment as a matter of law that it raised to the district court in its Rule 50(a) motions. Initially, we note that Rule 50(a) allows a district court to grant a motion for judgment as a matter of law only when "the court finds that a reasonable jury would not have a *legally sufficient evidentiary basis* to find for the party on that issue." Fed. R. Civ. P. 50(a) (emphasis added). We conclude that each of the arguments made in AT&T's Rule 50(a) motion is a sufficiency of the evidence argument and that *Unitherm* precludes our review of all three.[3]

At oral argument, AT&T conceded that its argument that Gonzalez and Owen did not hold a sincere religious belief requiring their attendance at the conference

_____

as to whether the *Unitherm* holding is jurisdictional." *United States v. Maldonado-García*, 446 F.3d 227, 230 n.4 (1st Cir. 2006) (internal citation omitted). The Sixth Circuit concluded that, after *Unitherm*, "it is now clear that renewing the motion post-verdict is jurisdictional and cannot be waived" and that the court was "without jurisdiction to consider the merits" of the party's claim. *Allison v. City of East Lansing*, 484 F.3d 874, 876 (6th Cir. 2007). Yet most recently, the Tenth Circuit acknowledged that the question is open, stating that "we need not definitely decide this jurisdictional question—a matter of first impression—here." *Kelley v. City of Albuquerque*, 542 F.3d 802, 817 n.15 (10th Cir. 2008). The Tenth Circuit questioned if the Supreme Court's decision in *Bowles v. Russell*, 551 U.S. ---, 127 S. Ct. 2360 (2007), has altered the legal analysis concerning whether *Unitherm* is jurisdictional before concluding that it need not resolve the jurisdictional question. *Id.* Although we discern little difference between lacking a "basis for review" and lacking jurisdiction, we likewise conclude that we need not decide the issue.

[3]On appeal, AT&T does not seek a new trial pursuant to Federal Rule of Civil Procedure 59. We note that its failure to file a Rule 59 motion after the entry of judgment would also preclude our review of any request for a new trial on appeal. *See Unitherm*, 546 U.S. at 404 ("[A] party is not entitled to pursue a new trial on appeal unless that party makes an appropriate postverdict motion in the district court.").

amounted to a challenge to the sufficiency of the evidence. We agree and conclude that *Unitherm* applies and precludes us from reviewing this argument.

AT&T next argues that it should be granted judgment as a matter of law on the award of back pay and front pay to Gonzalez and Owen because they failed to mitigate their damages. However, AT&T bases its argument solely on the lack of evidentiary support for the EEOC's claim that Gonzalez and Owen mitigated their damages. Once again, we conclude that this argument, raised in its Rule 50(a) motion but not renewed under Rule 50(b), is a challenge to the sufficiency of the evidence, that *Unitherm* applies, and that we cannot review it.

In its third argument, AT&T claims that the district court should have granted judgment as a matter of law on the issue of undue hardship because "the jury's verdict was against the clear and undisputed evidence presented at trial." In its motion for summary judgment, its argument before the district court on its Rule 50(a) motion, and its brief on appeal, AT&T argued that the evidence uniformly supported its claim that the requested accommodation created an undue hardship. AT&T asks us to review the sufficiency of the evidence and decide that it is entitled to judgment as a matter of law on the reasonable accommodation issue. Because this argument is also a sufficiency of the evidence argument, we conclude that *Unitherm* again precludes our review.

In its reply brief, AT&T also argues that "in a religious discrimination case, an employer is entitled to a complete affirmative defense when it meets its burden of proving that a requested accommodation would have resulted in an undue hardship" and that "*Unitherm* and its progeny are distinguishable . . . as those cases address challenges to the sufficiency of the plaintiff's proof in support of a verdict in the plaintiff's favor." In other words, AT&T argues that *Unitherm* does not apply to a motion for judgment as a matter of law based on an affirmative defense. AT&T cites no authority to support this proposition, and we have found none. To the contrary,

-8-

Rule 50(a) explicitly states that the district court may grant judgment as a matter of law "on a claim *or defense*." Fed. R. Civ. P. 50(a)(1)(B) (emphasis added). Thus, Rule 50(a) allows a district court to grant judgment as a matter of law on both claims and defenses, *see, e.g.*, *Arabian Agric. Servs. Co. v. Chief Indus., Inc.*, 309 F.3d 479, 483 (8th Cir. 2002) (affirming the district court's grant of judgment as a matter of law under Rule 50(a) on an affirmative defense), and "a Rule 50(b) motion is a renewal of a prior Rule 50(a) motion," *Hinz v. Neuroscience, Inc.*, 538 F.3d 979, 983 (8th Cir. 2008). Moreover, filing a Rule 50(b) motion is a prerequisite for appealing the denial of a Rule 50(a) motion because it allows the district court, which has "first-hand knowledge of witnesses, testimony, and issues," an opportunity after the verdict to review the legal sufficiency of the evidence. *See Unitherm*, 546 U.S. at 401 n.3. This reasoning applies with equal force to both claims and defenses that challenge the sufficiency of the evidence. Accordingly, we conclude that *Unitherm*'s requirement of a Rule 50(b) motion applies to motions for judgment as a matter of law based on the sufficiency of the evidence with regard to an affirmative defense.

Finally, AT&T argues that it was not required to file a Rule 50(b) motion after the entry of judgment because when it renewed its Rule 50(a) motion at the close of the evidence the district court stated that it did not want to hear any more argument and that the issue was preserved. However, the district court did not direct AT&T not to file a Rule 50(b) motion after the entry of judgment. Instead, we read the court's direction to suggest that it was unnecessary for AT&T to repeat its arguments made in support of its motion for summary judgment and its initial motion for judgment as a matter of law made at the close of the EEOC's case because the arguments were sufficiently preserved to allow AT&T to file a Rule 50(b) motion after the entry of judgment.

The requirement of filing a Rule 50(b) motion after the entry of judgment is well known. The Supreme Court decided *Unitherm* nearly two years before this trial. Indeed, as early as 1947 the Supreme Court noted that "[i]n the absence of" a Rule

50(b) motion, an "appellate court [is] without power to direct the District Court to enter judgment contrary to the one it had permitted to stand." *Cone v. W. Va. Pulp & Paper Co.*, 330 U.S. 212, 218 (1947). "This requirement of a timely application for judgment after verdict is not an idle motion" but "an essential part of the rule, firmly grounded in principles of fairness." *Johnson v. N.Y., N.H. & H. R. Co*., 344 U.S. 48, 53 (1952). "Rule 50(b) was designed to provide a precise plan to end the prevailing confusion about directed verdicts and motions for judgments notwithstanding verdicts." *Id.* at 52. "The rule carefully sets out the steps and procedures to be followed by the parties as a prerequisite to the entry of judgments notwithstanding an adverse jury verdict." *Id*. at 51. The court did not direct AT&T not to file a Rule 50(b) motion after the entry of the judgment, and the law was well established that AT&T was required to do so to preserve the issue for appeal.

## III.  CONCLUSION

We conclude that AT&T's failure to file a Rule 50(b) motion after the entry of judgment leaves us without a basis to review AT&T's sufficiency of the evidence challenges.

_____