FILED
United States Court of Appeals
Tenth Circuit

February 20, 2009

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

HOLLY ANN WILLIAMS,

      Plaintiff-Appellant,

v.

JODY GONTERMAN; FERRIS
SIMMONS,

      Defendants-Appellees.

No. 06-2114
(D.C. No. CIV-05-361-JP-WDS)
(D.N.M.)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, **EBEL**, and **HOLMES**, Circuit Judges.

---

Plaintiff-Appellant Holly Ann Williams challenges a jury's rejection of her 42 U.S.C. § 1983 claim. She asserts that there was insufficient evidence to support the police officers' defense that exigent circumstances justified their warrantless search of her home. Exercising jurisdiction under 28 U.S.C. § 1291, we conclude that Ms. Williams's failure to file a Rule 50(b) motion forecloses her sufficiency of the evidence claim and, accordingly, we affirm.

---

[*]     This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I. BACKGROUND

On July 30, 2004, Albuquerque police officers Jody Gonterman and Ferris Simmons went to Ms. Williams's apartment in Albuquerque, New Mexico, to investigate whether she was involved in methamphetamine production. When the officers arrived at her apartment, Ms. Williams stepped outside and closed the door, refusing to let them enter. While the officers were questioning Ms. Williams, a cat came to the window, parting the blinds such that the officers could see the coffee table in Ms. Williams's living room. The officers observed a number of jars and believed they were seeing chemicals and a bilayer fluid extraction used in methamphetamine laboratories. The officers then asked Ms. Williams to move away from her door and entered her apartment with their guns drawn. The officers did not find methamphetamine, and they left the house.

Ms. Williams filed a complaint in New Mexico state court, pursuant to 42 U.S.C. § 1983, alleging that the officers' entry of her home violated the Fourth Amendment. The officers removed the action to federal court. The case was tried to a jury, and the officers defended on the grounds of exigent circumstances, claiming that they had entered out of concern for the safety of the occupants of the house and the neighbors. After the close of the evidence, Ms. Williams moved for judgment as a matter of law under Federal Rule of Civil Procedure 50(a). Her motion was denied. The jury returned a verdict in the officers' favor. Ms. Williams did not renew her Rule 50(a) motion by filing a Rule 50(b) motion.

The district court entered judgment, and Ms. Williams filed a timely notice of appeal.

## II. DISCUSSION

On appeal, Ms. Williams challenges the sufficiency of the evidence for the jury verdict, arguing that she is entitled to judgment as a matter of law on her § 1983 claim. However, we conclude that Ms. Williams's failure to file a Rule 50(b) motion forecloses her appeal.

After the close of the evidence, Ms. Williams moved for judgment as a matter of law, claiming that the officers failed to prove that they entered the house under exigent circumstances. *See generally Roska v. Peterson*, 328 F.3d 1230, 1240 (10th Cir. 2003) (noting that warrantless searches are presumptively unreasonable and the officers bear the burden of proving exigency). Ms. Williams did not renew the motion for judgment as a matter of law pursuant to Rule 50(b) after the verdict. On appeal, Ms. Williams initially asserted that she preserved her sufficiency of the evidence challenge "by moving for a judgment as a matter of law at the close of evidence," Aplt. Br. at 5, and the officers made no argument to the contrary. This Court ordered supplemental briefing on the question of whether Ms. Williams forfeited her right to challenge the sufficiency of the evidence by failing to file a Rule 50(b) motion and whether that forfeiture would be mandatory. The officers now assert that we cannot hear Ms. Williams's claim because she failed to file a Rule 50(b) motion. Ms. Williams, however,

believes that Rule 50(b) is a "claims processing rule" that is forfeitable if not raised on appeal. *See* Aplt. Supp. Br. at 1.

The Supreme Court has made clear that a party's "failure to comply with Rule 50(b) forecloses its challenge to the sufficiency of the evidence." *Unitherm Food Sys. Inc. v. Swift-Eckrich, Inc.*, 546 U.S. 394, 404 (2006). "[T]he precise subject matter of a party's Rule 50(a) motion—namely, its entitlement to judgment as a matter of law—cannot be appealed unless that motion is renewed pursuant to Rule 50(b)." *Id.* The denial of a Rule 50(a) motion cannot form the basis of an appeal because it "does not decide anything; it just puts off resolution of the sufficiency-of-the-evidence question until after the verdict." *Kelley v. City of Albuquerque*, 542 F.3d 802, 817 (10th Cir. 2008) (discussing *Unitherm*, 546 U.S. at 405-06); *see Kellogg v. Energy Safety Servs. Inc.*, 544 F.3d 1121, 1128 (10th Cir. 2008) ("Nor did Oilind raise the issue in its Rule 50(b) motion after the verdict. This failure precludes our review."); *accord E.E.O.C. v. Sw. Bell Tel., L.P.*, 550 F.3d 704, 708 (8th Cir. 2008) ("It is undisputed that AT & T never filed a renewed motion for judgment as a matter of law after the entry of judgment pursuant to Rule 50(b). . . . We conclude that . . . *Unitherm* precludes our review . . . ."); *cf. Maher v. City of Chicago*, 547 F.3d 817, 824 (7th Cir. 2008) ("A failure to file a pre-judgment motion under Rule 50(a) prevents this court from reviewing the sufficiency of a jury verdict.").

Ms. Williams's contention that Rule 50(b) is a claims processing rule implicates a distinction identified by the Supreme Court between "inflexible claim-processing rule[s]" and "rule[s] governing subject-matter jurisdiction." *Kontrick v. Ryan*, 540 U.S. 443, 456 (2004); *see also Bowles v. Russell*, 551 U.S. 205, 127 S. Ct. 2360, 2364 (2007); *Eberhart v. United States*, 546 U.S. 12, 13 (2005) (per curiam). Although jurisdictional rules cannot be forfeited, claims-processing rules can be "forfeited if the party asserting the rule waits too long to raise the point." *Kontrick*, 540 U.S. at 456. In other words, although we must enforce rules that relate to our jurisdiction—irrespective of whether they are invoked by the litigants—when the litigant who would benefit from the operation of an inflexible claims processing rule neglects to assert it in a timely fashion, then, under certain circumstances, the litigant may forfeit any rights it would otherwise have to the rule's enforcement. *See, e.g.*, *United States v. Garduño*, 506 F.3d 1287, 1290-91 (10th Cir. 2007) (noting that an inflexible claims processing rule, "unlike a jurisdictional rule, may be forfeited if not properly raised," but that such rules "remain inflexible and 'thus assure relief to a party properly raising them.'" (quoting *Eberhart*, 546 U.S. at 19)); *cf. United States v. Mitchell*, 518 F.3d 740, 749 (10th Cir. 2008) (noting that "[o]urs is an adversarial system of justice" and "[t]he presumption, therefore, is to hold the parties responsible for raising their own defenses," but discussing the "narrow"

circumstances under which the appellate court may *sua sponte* enforce the time bar of a claims processing rule).

Operating from the view that Rule 50(b) is a claims processing rule, Ms. Williams argues that the officers should be deemed to have forfeited the opportunity to object to her delict in failing to file a Rule 50(b) motion because of their failure to raise the issue. Ms. Williams's view of Rule 50(b)'s claims processing status has substantial force. In *Kelley*, we noted:

> The Court in *Bowles* concluded that Federal Rule of Appellate Procedure 4(a) is jurisdictional because it implements 28 U.S.C. § 2107. *Id.* at 2365-66. We have interpreted *Bowles* to mean that only rules that implement statutory limits can be jurisdictional. [*Mitchell*], 518 F.3d [at 744] ("*Bowles* . . . clarified that court-issued federal procedural rules not derived from statutes are not jurisdictional, but rather inflexible claim-processing rules."); [*Garduño*], 506 F.3d [at 1290] ("In *Bowles v. Russell*, the Supreme Court further clarified that whether a procedural rule's time limitations are claim-processing or jurisdictional hinges on whether the rule is grounded in a statute."); *accord Metro. Life Ins. Co. v. Price*, 501 F.3d 271, 278 (3d Cir. 2007) ("True 'jurisdictional' limitations are set by the Constitution and by Congress, not by rules of procedure or judge-made doctrine."). Rule 50(b) is not grounded in a statute. Accordingly, in a jurisdictional inquiry relating to it, the principles of *Bowles* would seemingly be implicated.

542 F.3d at 817 n.15. As in *Kelley*, however, we need not decide in the context of a failure to file a Rule 50(b) motion whether that rule is jurisdictional or an inflexible claims processing rule. *Id.* (noting "under the rationale of *Unitherm*, we need not rule on the merits" and therefore, as permitted by the Supreme

Court's decision in *Sinochem Int'l Co. v. Malay. Int'l Shipping Corp.*, 549 U.S. 422, 127 S. Ct. 1184, 1191-92 (2007), we do not "decide here whether a party's failure to file a Rule 50(b) motion deprives us of jurisdiction over its sufficiency-of-the-evidence challenge"); *cf. Sw. Bell Tel.*, 550 F.3d at 708 n.2 ("Although we discern little difference between lacking a 'basis for review' and lacking jurisdiction, we likewise conclude that we need not decide the issue.").

Even if Rule 50(b) were an inflexible claims processing rule, such that we were at liberty to determine whether the officers' failure to object to Ms. Williams's delict resulted in a forfeiture of their opportunity to do so, we would nevertheless be barred from reaching the merits of Ms. Williams's sufficiency of the evidence challenge by the unique interplay between Rule 50(a) and Rule 50(b). More specifically, even if the officers were held to have forfeited their opportunity to object, because Ms. Williams failed to renew her preverdict Rule 50(a) motion by filing a motion under Rule 50(b), there is simply "no basis for review of [her] sufficiency of the evidence challenge in the Court of Appeals." *Unitherm*, 546 U.S. at 407; *see Kellogg,* 544 F.3d at 1128; *Kelley*, 542 F.3d at 817. Accordingly, the officers' failure to object cannot rescue Ms. Williams's appellate claim.

## III. CONCLUSION

For the foregoing reasons, we **AFFIRM** the district court's judgment.

Entered for the Court

Jerome A. Holmes
Circuit Judge