# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-1702

_____

George Robert Studnicka,      *

                    *

     Plaintiff/Appellant,      *

                    *    Appeal from the United States

    v.                    *    District Court for the

                    *    District of Minnesota.

A. Daniel Pinheiro; Mayo Clinic     *

Facility; Kerry D. Olsen,     *

                    *

     Defendants/Appellees.     *

_____

Submitted: May 12, 2010
Filed: August 25, 2010

_____

Before WOLLMAN, SMITH, and COLLOTON, Circuit Judges.

_____

COLLOTON, Circuit Judge.

George Studnicka filed suit against Dr. A. Daniel Pinheiro, Dr. Kerry D. Olsen, and the Mayo Clinic, alleging a cause of action for common-law battery. Studnicka claimed that the two physicians performed surgery on him without his informed, written consent, and that this action constituted battery under Minnesota law. Studnicka moved for summary judgment on the battery claim, but the district court[1] denied his motion. A jury subsequently found for the defendants. Studnicka appeals

---

[1]The Honorable John R. Tunheim, United States District Judge for the District of Minnesota.

the district court's order denying summary judgment.  Because we conclude that Studnicka presents no issue that he properly preserved for review, we affirm.

## I.

While an inmate at a federal prison facility in Rochester, Minnesota, Studnicka complained of persistent throat pains.  In February 2001, he was referred to the Mayo Clinic for an evaluation by Dr. Pinheiro, a throat specialist.  Testing detected cancerous tumors in Studnicka's neck.  At the Mayo Clinic on March 27, 2001, Dr. Pinheiro recommended that Studnicka undergo surgery to remove the tumors.  Dr. Pinheiro's notes from that discussion suggest that Studnicka agreed.

That same day, Studnicka met with Dr. Olsen, another physician at the Mayo Clinic.  Dr. Olsen examined Studnicka and confirmed Dr. Pinheiro's diagnosis.  Dr. Olsen concurred in the recommendation for invasive neck surgery, and his notes state that he and Studnicka discussed the "goals, rationale, [and] risks" of that recommendation.

Dr. Pinheiro and Dr. Olsen performed the surgery on April 11, 2001.  Notes taken by a nurse before the operation show that Studnicka identified the location and purpose of the neck surgery.  Moreover, a surgical record made after Studnicka entered the operating room indicates that he "verbalize[d] understanding" of the surgical instructions.  Studnicka's medical records, however, contain no written consent to the procedure.

In April 2005, Studnicka filed the instant action, alleging that Dr. Pinheiro, Dr. Olsen, and the Mayo Clinic had committed battery.[2]  Studnicka moved for summary

---

[2]Studnicka included several other claims, but later withdrew or dismissed them with prejudice.

judgment on the battery claim in April 2008. He asserted that under Minnesota law, a signed form is required to show consent for surgery, and because the defendants could produce no such form, he had proven battery as a matter of law. Studnicka based his argument on a Minnesota hospital licensure statute. He argued that the Minnesota statute incorporated a federal Medicaid and Medicare regulation, which, in turn, required hospitals to obtain a patient's written consent for elective surgery. *See* Minn. Stat. § 144.55, subd. 3(a); 42 C.F.R. § 482.51(b)(2). According to Studnicka, this statute established a "standard of conduct" that the defendants violated.

The district court denied Studnicka's motion, ruling that the absence of a signed consent form did not necessarily prove battery. The district court reasoned that Minnesota courts have not restricted the methods of proving consent in a battery action to a signed form. *Studnicka v. Pinheiro*, No. 05-723, 2008 WL 4717471, at *2 (D. Minn. Oct. 24, 2008) (citing *Kohoutek v. Hafner*, 383 N.W.2d 295, 298 (Minn. 1986)). The court also observed that any alleged standard of conduct did not apply to a battery claim, because the form of consent is not determinative under Minnesota battery law. *Id.* Studnicka later asked the district court to reconsider its decision, but the court denied that motion.

Later in the pretrial process, on February 5, 2009, Studnicka filed a "motion *in limine*" requesting that the district court hold that the "standard of conduct" for consent to a surgical procedure requires a signed form. The court denied this motion, and repeated its conclusion that consent may be express or implied in Minnesota.

The case proceeded to trial, and Studnicka argued that he did not consent, in writing or otherwise, to the neck surgery. Studnicka claimed that he understood only that he underwent surgery to treat his carpal tunnel syndrome. The defendants presented notes from Studnicka's preoperative evaluations and from the surgical record suggesting his oral and implied consent to the neck surgery. On February 20,

2009, the jury found that Dr. Pinheiro, Dr. Olsen, and the Mayo Clinic had not committed a battery on Studnicka. Studnicka did not move for judgment as a matter of law during or after trial.

II.

In his brief on appeal, Studnicka attacks the district court's ruling that "legally effective consent for elective surgery in Minnesota could be verbal or implied." It is well settled, however, that "[w]e will not review a district court's denial of a motion for summary judgment after a trial on the merits." *EEOC v. Sw. Bell Tel., L.P.*, 550 F.3d 704, 708 (8th Cir. 2008); *see also Eaddy v. Yancey*, 317 F.3d 914, 916 (8th Cir. 2003). Studnicka had an opportunity to litigate the consent issue at trial, and we will not review at this juncture the district court's pretrial ruling that denied Studnicka's motion for summary judgment.

The proper vehicle for Studnicka to preserve his legal contention was a motion for judgment as a matter of law under Federal Rule of Civil Procedure 50. Framed in the language of that rule, Studnicka's claim is that no "reasonable jury" could, under Minnesota law, have "a legally sufficient evidentiary basis" to find consent for elective surgery without a signed consent form. *See* Fed. R. Civ. P. 50(a). At the close of evidence, pursuant to Rule 50(a), and after the jury's verdict, pursuant to Rule 50(b), Studnicka could have renewed the argument raised in his motion for summary judgment. If the district court had denied properly filed motions under Rule 50, then Studnicka could have appealed the denial upon the entry of final judgment. *See Eaddy*, 317 F.3d at 916. But because Studnicka did not avail himself of this procedure, there is no basis for our review of Studnicka's challenge to the sufficiency of the evidence. *Unitherm Food Sys., Inc. v. Swift-Eckrich, Inc.*, 546 U.S. 394, 407 (2006); *Sw. Bell*, 550 F.3d at 708-09.

At oral argument, Studnicka suggested for the first time that he sought to appeal the district court's "evidentiary" ruling denying his motion *in limine*. In that pretrial motion, Studnicka asked the court to hold that consent to surgery in Minnesota requires a signed form. Studnicka waived this argument by failing to mention it in his appellate brief. *See Twin Cities Galleries, LLC v. Media Arts Group, Inc.*, 476 F.3d 598, 602 n.1 (8th Cir. 2007). In any event, the so-called motion *in limine*, which merely reiterates Studnicka's "battery *per se*" theory, was in substance another motion requesting reconsideration of the order denying the motion for summary judgment. For the reasons discussed, there is no basis for us to review this pretrial ruling absent a motion for judgment as a matter of law under Rule 50.

The judgment of the district court is affirmed.

_____